Naomi LITTLE, Administratrix *v.* Harold McGRAW

5-5575                                                467 S. W. 2d 163

Opinion delivered May 24, 1971

*Butler & Hickey,* for appellant.

*Daggett & Daggett,* for appellee.

GEORGE ROSE SMITH, Justice. This action for the wrongful death of Sam Little was brought by the appellant, his administratrix, against three defendants, Darrell Riddell, Carl Riddell, and the appellee, Harold McGraw. All three defendants filed motions for summary judgment. The court denied the Riddells' motions but sustained that of McGraw. This appeal is from a summary judgment in favor of McGraw.

Our summary judgment statute, Ark. Stat. Ann. § 29-211 (Repl. 1962 and Supp. 1969), was copied from Rule 56 of the Federal Rules of Civil Procedure. Under Federal Rules 54 and 56 there would be some doubt about the finality and appealability of a summary judgment in the federal court in favor of only one of several defendants. Barron & Holtzoff, Federal Practice and Procedure, § 1241 (Wright's ed., 1958). Our legislature, however, has not adopted Federal Rule 54, which has to do with the finality of a partial judgment. Hence the finality and appealability of a summary judgment dismissing only one of several defendants must be determined under our general statutes governing appellate procedure. We are of the opinion that such a judgment is final and appealable. *Safeway Stores* v. *Shwayder Bros.,* 238 Ark. 768, 384 S. W. 2d 473 (1964); *Seitz* v. *Meriwether,* 114 Ark. 289, 169 S. W. 1175 (1914).

The facts, as developed in the depositions accompanying the motions for summary judgment, are not entirely without dispute. Sam Little, the decedent, was employed by McGraw, a farmer. On May 20, 1968, McGraw telephoned Riddell Flying Service, which was engaged in cropdusting, to arrange for the spraying of a rice field. McGraw says that in the course of his conversation with Darrell Riddell he asked if the flying service was qualified to spread 2, 4-D, which requires

a special license. According to McGraw, Darrell said that he was so qualified, though in fact he was not. Darrell denies that he was asked about his license. Darrell, who was then 22 years old, had only a student pilot's license and was not qualified to do any kind of cropdusting, for which a commercial pilot's license is required.

Late the next day Darrell flew a small single-seated plane to a landing strip about four miles from the rice field that was to be sprayed. There McGraw helped Darrell mix and load the chemical. Darrell then began spraying the field. McGraw had stationed Sam Little and another man at opposite ends of the field, to guide the flier as he made passes over the area. After every pass the two men would each move 14 steps in the same direction and take a new position to guide the plane upon its next passage over the field. At one point in the operation the plane was flown so near the ground that its landing gear struck Little and fatally injured him.

We are not here concerned with the liability of either Darrell Riddell or his father, who are not parties to this appeal. The issue before us is the existence of supporting evidence for the four separate theories upon which the appellant administratrix asserts a cause of action against McGraw. In considering that evidence we must view it in the light most favorable to the appellant. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963).

First, the appellant invokes the doctrine of respondeat superior, on the theory that Darrell Riddell was an employee of McGraw. There is no merit in this contention. According to the undisputed evidence, Darrell was an independent contractor over whom McGraw had no right of control.

Secondly, the appellant contends that McGraw failed to exercise ordinary care to furnish Little with a reasonably safe place to work. This contention, too, is without merit. Little's death was due not to a dangerously de-

fective condition of the field where he was standing but to Darrell Riddell's asserted negligence in flying too low. See, by analogy, our opinions in *Tatum* v. *Rester,* 241 Ark. 1059, 242 Ark. 271, 412 S. W. 2d 293 (1967), where, as here, the condition of the landowner's premises had no causal connection with the plaintiff's injury, which was caused by the landowner's negligence in backing his car out of his carport.

Thirdly, the appellant insists that the spraying of a crop by airplane is so inherently dangerous that the negligence of Darrell, as an independent contractor, is chargeable to his employer. AMI 708, Civil. There is actually no proof to sustain this argument. Many years ago aviation was considered to be an ultrahazardous activity. Restatement of the Law, Torts, § 520, Comment *b* (1938). Although the spreading of 2,4-D by air is unduly hazardous to nearby crops, *Chapman Chem. Co.* v. *Taylor,* 215 Ark. 630, 222 S. W. 2d 820 (1949), it does not follow that an airplane in flight is inherently dangerous to a person standing on the ground. Aviation is now so commonplace that it cannot be considered to be either inherently dangerous or ultrahazardous. For a full discussion of this fact see *Boyd* v. *White,* 276 P. 2d 92 (Cal. App., 1954).

Fourthly, the appellant asserts that McGraw failed to use ordinary care to select a competent independent contractor to do the work. AMI 709, Civil. Upon that issue the proof made a question of fact for a jury. McGraw admittedly knew that a flier must have a special license to engage in cropdusting. McGraw remembered that about a year earlier Darrell had said that "he hoped in another year he would be qualified to do that type of work himself." Although McGraw testified that he asked Darrell during the telephone conversation if the flying service was qualified to disperse 2, 4-D, Darrell testified that he was never asked if he was properly licensed. Finally, Mrs. Little testified that when McGraw came to tell her that her husband was dead, McGraw "said that the boy said that he had hit Sam, and he said that he didn't think the boy had a license, and that he thought that it was his father's business." We are unable

to say that the record is devoid of substantial evidence to support the appellant's fourth theory of liability.

Thus the court erred in entering a summary judgment in favor of McGraw. The statute provides that a defendant may move for a summary judgment "upon all or any part" of the plaintiff's claim. Ark. Stat. Ann. § 29-211 (b). Here the court should have entered an interlocutory order, which the federal decisions liken to a pretrial order, finding that there was a disputed issue of fact only with respect to the fourth asserted ground of liability.

Reversed and remanded for further proceedings.