DARRELL RIDDELL AND HAROLD McGRAW v. NAOMI LITTLE, ADMINISTRATRIX OF THE ESTATE OF SAM LITTLE, DECEASED

5-6050                                        488 S.W. 2d 34

Opinion delivered December 18, 1972

*Daggett & Daggett,* for McGraw; *Sharpe & Long,* for Riddell.

*Butler & Hicky,* for appellee.

FRANK HOLT, Justice. This appeal results from a wrongful death verdict of $90,000 which the jury awarded against both appellants as joint tortfeasors. The facts are much the same as were detailed when this case was previously before us in *Little, Adm'x. v. McGraw,* 250 Ark. 766, 467 S.W.2d 163 (1971). In that case we reversed a summary judgment in favor of Harold McGraw and remanded the cause for retrial as to him on the sole question of whether McGraw used reasonable care in the selection of Darrell Riddell as an independent contractor.

The case was tried upon appellee's allegations that the appellant Riddell was piloting the airplane at "too low an altitude under the circumstances and conditions then existing and immediately prior to and at the time of the collision," which fatally injured appellee's decedent; also, that appellant Riddell "failed to keep a proper lookout for Sam Little, the deceased, under the circumstances then existing immediately prior to and at the time of the collision;" also, it was alleged that McGraw knew and should have known that Riddell was incompe-

tent to do the job for which he was employed because reasonable care was not used in the selection of the independent contractor, Riddell.

Appellant McGraw, a farmer, was the employer of appellee's decedent, Sam Little. McGraw arranged for the appellant Riddell, a pilot, to spray his rice field. In their telephone conversation, McGraw asked Riddell only if he was qualified to spread 2,4-D, a chemical, which requires a special license and approval by the State Plant Board. McGraw was told by Riddell that he was so qualified which later proved to be untrue. McGraw was of the belief that being qualified to spread 2,4-D encompassed spraying all chemicals. Riddell testified that McGraw did not ask him about his license as a crop duster. Riddell held only a student pilot's license and not a commercial license which is required for crop-dusting. Riddell landed his plane near the rice field which was to be sprayed and McGraw assisted him in mixing and loading a chemical. McGraw then proceeded to station his employee, Little, and another employee, Moore, at opposite ends of the field to be sprayed. He instructed each of them as flagmen that when the plane turned at the end of the field and started back, he should step aside 12 to 14 steps and take a new position to guide the plane on its next passage over the field. Following these instructions to the flagmen, Riddell began spraying the field with a chemical. After several low passes across the field, Riddell flew the plane so near the ground its landing gear struck and fatally injured the flagman Little. The jury apportioned the total negligence in the ratio of 70% against the pilot, Riddell; 20% against the deceased flagman; and 10% against the farmer, McGraw. After deducting the deceased's portion for his negligence, a judgment was rendered for $72,000 against the appellants jointly and severally.

For reversal appellant McGraw first contends that the court erred in rendering judgment against him because the negligence attributed to him by the jury was only 1/2 that attributed to Little. Appellant makes the argument that because the jury found his negligence is

actually less than Little's there could be no recovery from McGraw. Appellant cites Ark. Stat. Ann. § 27-1730.1 (1962 Repl.), our comparative negligence statute, to support his position that a plaintiff can only recover when his negligence "is of less degree than the negligence of any person, firm, or corporation causing such damage." Therefore, since the decedent's negligence was greater and not less than McGraw's, recovery is barred. Appellant recognizes that this statute was construed by us in *Walton* v. *Tull*, 234 Ark. 882, 356 S.W.2d 20 (1962) on this very issue. There we said:

> "We realize that where some of the tortfeasors are insolvent or unavailable our conclusion may require a single defendant to pay the entire judgment, even though his negligence was comparatively slight."

We observed that the basic purpose of § 27-1730.1 is to distribute the total damages among those who cause them. Furthermore, the legislature did not mean to go any farther than to deny recovery to a plaintiff only when his negligence was at least 50% of the cause of the alleged injuries or damages. In other words, if the plaintiff's negligence is less than 50% of all the co-defendants, he is entitled to recover from each or all of them as joint tortfeasors even though the plaintiff's negligence equals or exceeds that of a particular co-defendant. We adhere to our interpretation of the statute as to the legislative intent. We observe that the several intervening sessions of the legislature have not deemed it necessary to amend the statute to correct the asserted misinterpretation of our comparative negligence statute.

The appellant McGraw next asserts for reversal there is not sufficient evidence of negligence on his part to justify submission of the case against him to the jury. Upon the first appeal we held that "the proof made a question of fact for a jury" as to whether McGraw failed to use ordinary care to select a competent independent contractor to perform the spraying of his rice field. The evidence considered by us on the first

appeal on the summary judgment proceeding was reproduced at the retrial and, therefore, our holding on this issue has now become the law of the case. *Woodward* v. *Blythe,* 249 Ark. 793, 462 S.W.2d 205 (1971), *St. Louis S.W. Railway Co.* v. *Jackson,* 246 Ark. 268, 438 S.W.2d 41 (1969), *Moore, Adm'x.* v. *Robertson,* 244 Ark. 837, 427 S.W.2d 796 (1968).

Appellant McGraw next asserts for reversal that the court erred in refusing to permit examination of appellant Riddell as to the custom among farmers making inquiry as to the sufficiency of licenses of crop-dusting pilots. On examination Riddell was asked by McGraw's counsel if any farmers ever inquired if he were properly licensed. The court sustained an objection to this inquiry. The appellant asserts that since the sole issue with respect to McGraw's negligence is whether he used ordinary care in the selection of Riddell as an independent contractor, McGraw would be entitled to establish that the custom in the crop-dusting trade is that farmers never make inquiry relating to whether a pilot is properly licensed; also, McGraw should be entitled to show "that such an inquiry is either routine or unnecessary." In other words, since the evidence that McGraw failed to make inquiry as to Riddell's being properly licensed as a crop-dusting pilot is being permitted for the jury's consideration as to McGraw's asserted negligence, then McGraw should be entitled to introduce evidence that it was not the custom nor usage in the crop-dusting trade for the farmer to make such an inquiry. We must agree with appellee that the trial court was correct in sustaining the objection. The question propounded to Riddell, the pilot, specifically and only inquired as to whether other farmers had asked him if he was properly licensed rather than asking him or a competent witness as to what custom existed in the crop-dusting trade with respect to farmers usually asking the crop-dusting pilot if he is properly licensed. Neither did the appellant make a proffer of proof as to what Riddell or any other witness would have answered in response to an inquiry as to the custom or usage in the crop-dusting trade. In *Wallace* v. *Riales,* 218 Ark. 70, 234 S.W.2d 199 (1950), we said that "[W]e have repeatedly

held that an objection to the exclusion of testimony cannot be considered on appeal in the absence of a showing of what the testimony would have been." Also, it appears that Riddell's (22 years of age at the time of the accident) personal experience was very limited in the crop-dusting business.

Appellants McGraw and Riddell both contend that the court erred in giving instruction No. 16 involving the lookout statute. We think the appellants are correct. The pertinent part reads:

"(a) (First) It is the duty of the pilot of an aircraft to keep a lookout for other aircraft, vehicles or persons in the air or on the ground. The lookout required is that which a reasonably careful pilot would keep under circumstances similar to those shown by the evidence in this case. **** A failure to meet the standard of conduct required by these rules is negligence."

Although there is ample substantial evidence, as we will discuss later, to support appellee's allegation that the crop-dusting pilot was negligent in flying too low, we think the evidence is deficient that Riddell, as a crop-dusting pilot, failed to maintain a proper lookout as alleged in the complaint. To the contrary, it appears that the lookout maintained by Riddell was all that a reasonably careful pilot would or could observe in crop-dusting. He testified that he was looking at the ground and the border levee (where Little was standing) and out both sides of the plane and in all directions during this particular pass toward the flagman when the accident occurred. This testimony is uncontradicted. Another crop duster, who was experienced in the trade, testified as did Riddell that when a plane is flying at the low altitude which is necessary for crop-dusting purposes, a "blind spot" exists which obscures the pilot's vision in front of the plane. It appears that the flagman Little came within this "blind spot" at a distance of approximately 150 to 200 yards as the plane approached him. The plane was flying at approximately 95 m.p.h. and at an altitude of

3 to 6 feet. There is no evidence that a crop-dusting pilot would have been able to maintain any better lookout than did Riddell once the "blind spot" position existed. The more experienced crop duster testified it was his opinion that it would be impossible for the pilot to see the flagman, Little, once the pilot committed himself to flying under the wire. Obviously, from the very nature of crop-dusting, the flagmen inevitably came within the "blind spot" and cannot be seen by the pilot as the plane approaches at the necessary low altitude and flies above them.

We recognize that a pilot is liable for damages in accordance with the rules and law applicable to torts which occur on land. Ark. Stat. Ann. § 74-110 (1957 Repl.). However, we have held that it is error to submit to the jury the question of whether a proper lookout had been maintained when the only testimony on this issue is to the effect that it was kept. *C.R.I. & P.R.R. Co.* v. *Hughes,* 250 Ark. 526, 467 S.W.2d 150 (1971), *Mo. Pac. Rd. Co., Thompson, Trustee* v. *Severe,* 202 Ark. 277, 159 S.W.2d 42 (1941), *St. Louis-San Francisco Railway Co.* v. *Spencer,* 231 Ark. 221, 328 S.W.2d 858 (1959), *St. Louis San Francisco Railway Co., Thompson, Trustee* v. *Thurman,* 213 Ark. 840, 213 S.W.2d 362 (1948). In *Ft. Smith L. & T. Co.* v. *Hendrickson,* 126 Ark. 377, 189 S.W. 1064 (1916), we held that instructions were not faulty which dealt only with "the failure of the motorman to hear the approaching fire wagon. In short, it was not necessary to submit to the jury the question of whether he could have seen the fire wagon, for it was the contention of appellant that he could not have seen it and the testimony on this point is undisputed." Further, an instruction on negligence should not be given where the alleged negligent act or acts "were not the proximate or contributing cause of the injury." *Blanton* v. *Mo. Pac. Rd. Co.,* 182 Ark. 543, 31 S.W.2d 947 (1930). Or stated differently, the injury must result from "the natural and probable consequences" of the asserted negligence. *Meeks* v. *Graysonia, N. & A. Rd. Co.,* 168 Ark. 966, 272 S.W. 360 (1925). See, also, 13 Blashfield Automobile Law and Practice, § 463.3, p. 574, 3rd Edition (1969), to the effect that instructions

should be based on the evidence in the case, and instructions stating only abstract legal propositions or submitting matters on which there is no evidence should not be given. In the case at bar, in our view, there is no testimony which contradicts that a proper and efficient lookout was being maintained by the pilot. Therefore, the instruction being abstract erroneously presented an issue for the jury's consideration.

Appellant Riddell contends that the court erred in overruling his motion for a directed verdict and Riddell and McGraw both contend that there is no competent substantial evidence that Riddell was guilty of any negligence which was the proximate cause of Little's death. We disagree with these contentions. Evidence was adduced that on the particular pass when Little was fatally struck Riddell flew under a highline wire for the first time and approached Little at an altitude from 3 to 6 feet. According to the other flagman, Riddell flew at a lower altitude than he had previously as he approached Little, who was in a squatting position. Also, Riddell had noticed that on previous passes Little had not moved aside as instructed. He didn't bother to land his plane and warn the decedent because he was in a hurry to complete the crop-dusting operation inasmuch as it was getting dark. It is admitted that Riddell had only a student pilot's license and did not have the proper pilot's license as required by Ark. Stat. Ann. § 74-105 (1957 Repl.). Further as to his experience, Riddell testified that he had only logged a total of 175 hours flying time; approximately 30 hours of this in the single engine crop-dusting plane which he was flying at the time of the accident; only 2 hours was ever actually spent in spraying chemicals; and he had only flown this plane spraying agricultural chemicals on one job before accepting his contract with McGraw during which the flagman, Little, was fatally injured. In the circumstances, we are of the view that the evidence was amply substantial to submit to the jury the issue of Riddell's negligence and, also, whether his negligence was a proximate cause of Little's death.

Both appellants next contend that the trial court erred in refusing to strike from the appellee's complaint her allegation that Riddell was negligent in that he was flying too low. As previously stated, we hold there was ample substantial evidence adduced that Riddell was flying too low as alleged in the complaint. Therefore, it necessarily follows we find no merit in this contention. Furthermore, it does not appear that the trial court ever made any ruling on appellants' motion to strike this allegation and it appears that the issue was abandoned. The issue is not properly before us on appeal.

Finally, the appellants assert that the trial court erred in giving instruction No. 12, section 1. This instruction was drafted according to AMI 601 and the provisions in Ark. Stat. Ann. § 74-105 (1957 Repl.). The instruction reads:

"There were in force in the State of Arkansas at the time of the occurrence statutes which provided:

"(1) The public safety requiring advantages of the uniform regulation make it desirable, in the interest of aeronautical progress, that any person engaging within this State in navigating or operating aircraft in any form of navigation shall have the qualifications necessary for obtaining and holding a license issued by the Department of Commerce of the United States, it shall be unlawful for any person to operate or navigate any aircraft in this State, unless such person is the holder of an appropriate effective license or permit issued by the United States Government."

The instruction added:

"A violation of one or more of these Arkansas Statutes, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in the case."

The failure to possess a proper license required by ordinance or statute does not make a submissible issue

for the jury unless there is a causal connection between the violation of the ordinance or statute and the alleged injury. *Byrne* v. *Matczak,* 254 F.2d 525 (3d Cir. 1958), *Hunton* v. *California Portland Cement Co.,* 123 P.2d 947 (Cal. 1942), *Wood* v. *Snyder,* 83 Ind. App. 31, 147 N.E.314, *Miller* v. *Jones,* 270 S.W.2d 303 (Tex. Ct. App. 1954), *American Automobile Ins. Co.* v. *Struwe,* 218 S.W. 534 (Tex. Ct. App. 1920). See Annot. 29 ALR 2d 963 (1953). It is undisputed that Riddell was not properly licensed for crop-dusting. There is no doubt that evidence as to licensing requirements and the pilot's not having been properly licensed was admissible because of its relevance to the question of the pilot's competence and skill and to the farmer's negligence. Even so, this fact alone is insufficient to justify giving the instruction. The record is void of any evidence linking the statutory violation with the fatal accident. The evidence of causation had to do with the manner in which the plane was operated by the pilot and his disregard of the flagman's failure to carry out instructions. Certainly it has not been shown that the violation was a proximate or efficient cause of Little's death. In these circumstances, we must condemn the instruction inasmuch as it states only an abstract legal proposition. *CRT.* v. *Dunn,* 248 Ark. 197, 451 S.W.2d 215 (1970), *Meeks* v. *Graysonia, N. & A. Rd. Co., supra.*

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

BYRD, J., concurs in the result.