William C. MALCOM *v*. Cynthia Ann THOMASON

83-77                                    658 S.W.2d 357

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellant.

*Wright & Chaney, P.A.,* by: *William G. Wright,* for appellee.

George Rose Smith, Justice. William C. Malcom brought this suit against Cynthia Ann Thomason for personal injuries and property damage resulting from a traffic collision at the intersection of State Highway 51 and Mount Zion Road in Clark county. In appealing from an adverse verdict and judgment Malcom argues a single point: State police officer Jim Jenkins should have been permitted to state his opinion about the proper point on Highway 51 for a person to turn to the left onto Mount Zion Road.

The highway runs east and west at the intersection in question. Mount Zion Road angles off from the highway in a northeasterly direction. The intersection is at the crest of a hill so steep that drivers approaching from opposite directions on the highway cannot see each other until they are nearly at the intersection.

The accident happened after dark on a November evening in 1979. Malcom testified that as he approached the intersection from the east he saw the reflection of the other vehicle's headlights, up in the air, before he reached the top of the hill. When he first saw the vehicle itself it was in his lane, turning into Mount Zion Road. He could not stop and struck the side of the other vehicle. The point of impact was just over the hill, on the west side of the crest.

Officer Jenkins, a witness for Malcom, investigated the accident and was quite familiar with the intersection, having lived two or three blocks from it. He said that as Mount Zion Road comes in to the highway it has a large apron that extends out on both sides of the hill. The plaintiff's theory was that the defendant began her turn too soon. As abstracted, Officer Jenkins described the situation in this language: "A driver going east on Highway 51 could go up to the crest of the hill and cut back, or make a zig, into Mount Zion Road. To make a zig means you can't just turn like at a normal intersection and proceed on about your business. You've got to make a little maneuver there."

On redirect examination the officer was asked this question: "Where is the point on Highway 51 that would be a proper point to turn into Mount Zion Road?" The only argument for reversal is that the court should not have sustained an objection to this question. This argument is unsound, for two reasons.

First, we cannot tell from the abstract of the record just exactly what the witness's answer would have been, and trial counsel failed to make a proffer of proof. In this situation the objection to the exclusion of evidence is not properly preserved. *Riddell* v. *Little*, 253 Ark. 686, 488 S.W.2d 34 (1972). It is argued, however, that the expected answer was apparent to the jury from the context of the question; so no offer of proof was needed. Univ. R. Evid. 103 (a) (2). Perhaps so, but if the proof before the jury was sufficient to make known to them exactly what the witness would have answered, there was no need for the officer to repeat what he must already have said.

Secondarily, Miss Thomason later testified that she was looking for the turn in the dark, that she had never turned left there before, and that she did not know that the apron existed or "that you could go down and turn across the crest of the hill and turn back into Mount Zion Road." Officer Jenkins's testimony about the need to make a zig and a maneuver assumed the driver's familiarity with the intersection and thus was not really relevant to the question of negligence on the part of a person in Miss Thomason's position. We cannot order a new trial on the basis of a ruling not shown to be erroneous.

Affirmed.