Lance Alan BOOTH, Jr., A Minor By His Mother and Next Friend, Brenda BOOTH, Plaintiff,

v.

UNITED STATES INDUSTRIES, INC., South Arkansas Equipment, Inc. and Mr. Egg Company, Inc., Defendants.

No. 82–6066.

United States District Court, W.D. Arkansas, Hot Springs Division.

April 26, 1984.

Gary L. Eubanks, Jr., Little Rock, Ark., for plaintiff.

Kenneth R. Shemin, Rose Law Firm, Little Rock, Ark., for United States Industries, Inc.

Chester C. Lowe, Jr., Little Rock, Ark., for South Arkansas Equipment, Inc.

Sam Laser, Laser, Sharp & Huckabay, Little Rock, Ark., for Harley Tidwell (dismissed) and Mr. Egg Co., Inc.

## JUDGMENT

OREN HARRIS, Senior District Judge.

On February 28, 1984, the above styled civil action came on for trial, plaintiffs appearing in person and by their attorneys, Gary Eubanks & Associates, and defendants appearing by their corporate representatives and by their attorneys, Jerry C. Jones and Kenneth R. Shemin for United States Industries, Inc., Chester C. Lowe, Jr., for South Arkansas Equipment, Inc. and Sam Laser for Mr. Egg Company, Inc. All parties being prepared for trial, a jury composed of twelve members of the regular panel of petit jurors was selected, impaneled and sworn according to law to try the issues of fact arising in the case. After hearing all of the evidence introduced, the instructions of the Court and arguments of counsel, the jury retired on March 2, 1984 to consider ten (10) Interrogatories submitted to them and after deliberating returned the following verdict:

> Interrogatory No. 1: Do you find from a preponderance of the evidence that the chicken feeder was manufactured by United States Industries, Inc. and supplied by South Arkansas Equipment, Inc. in a defective condition which rendered it

---

unreasonably dangerous and which was a proximate cause of the occurrence?

Answer: Yes.

Interrogatory No. 2: Do you find from a preponderance of the evidence that Mary Weston was guilty of fault which was a proximate cause of the occurrence?

Answer: Yes.

Interrogatory No. 3: Do you find from a preponderance of the evidence that Brenda Booth was guilty of fault which was a proximate cause of the occurrence?

Answer: Yes.

Interrogatory No. 4: Do you find from a preponderance of the evidence that United States Industries, Inc. was guilty of fault which was a proximate cause of the occurrence?

Answer: Yes.

Interrogatory No. 5: Do you find from a preponderance of the evidence that South Arkansas Equipment, Inc. was guilty of fault which was a proximate cause of the occurrence?

Answer: No.

Interrogatory No. 6: Do you find from a preponderance of the evidence that Mr. Egg Company, Inc. was guilty of fault which was a proximate cause of the occurrence?

Answer: Yes.

If you have answered one or more of the Interrogatories 1 through 6 yes, then answer the following:

Interrogatory No. 7: Using 100% to represent the total responsibility for the occurrence and any injuries or damage resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

| Answer: | | |
|---|---|---|
| | Mary Weston | 71% |
| | Brenda Booth | 6% |
| | United States Industries, Inc. | 15% |
| | South Arkansas Equipment, Inc. | 0% |
| | Mr. Egg Company, Inc. | 8% |

Interrogatory No. 8: Do you find from a preponderance of the evidence that Mary Weston was an independent contractor at the time of the occurrence of this accident?

Answer: Yes.

Interrogatory No. 9: State the amount of any damages which you find from a preponderance of the evidence were sustained by Brenda Booth as a result of the occurrence?

Answer: $25,000.00.

Interrogatory No. 10: State the amount of any damages which you find from a preponderance of the evidence were sustained by Lance Alan Booth, Jr. as a result of the occurrence?

Answer: $50,000.00.

/s/ Ed Morrison, Foreperson.

Based upon the jury's verdict, the Court finds and concludes (1) that plaintiff's amended and substituted complaint against defendant South Arkansas Equipment, Inc., as well as the cross claims filed against South Arkansas Equipment, Inc. by defendants United States Industries, Inc. and Mr. Egg Company, Inc., all should be dismissed with prejudice, (2) that upon comparing the relative degree of fault on the part of Brenda Booth ($6/29$ths or 20.7 percent) with the combined fault of United States Industries, Inc. and Mr. Egg Company, Inc. ($23/29$ths or 79.3 percent), and proportionately reducing her recovery by 20.7 percent, as required by Arkansas law, Brenda Booth is entitled to recover damages in the amount of $19,825.00, (3) that the $50,000.00 in damages awarded to Lance Booth, Jr. should not be reduced, (4) that under Arkansas law the degree or percentage of fault of Mary Weston, who is not a party defendant, is not to be considered in these calculations and indeed would be relevant herein only if the jury had found, in response to Interrogatory No. 8, that Mary Weston was not an independent contractor at the time of the occurrence, thereby causing her fault to be chargeable to Mr. Egg Company, Inc., and (5) that under Arkansas law the relative degrees or percentages of fault as between

defendants United States Industries, Inc. and Mr. Egg Company, Inc., the only defendants having been found to have any responsibility for the occurrence, are, respectively, $^{15}/_{23}$rd or 65.2 percent and $^{8}/_{23}$rds or 34.8 percent, resulting in the proportionate responsibility of those two defendants for the occurrence being 65.2 percent for United States Industries, Inc. and 34.8 percent for Mr. Egg Company, Inc.

IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND ADJUDGED (1) that plaintiff's amended and substituted complaint, as well as the cross claims of defendants United States Industries, Inc. and Mr. Egg Company, Inc., against defendant South Arkansas Equipment, Inc., be, and they hereby all are, dismissed with prejudice, (2) that plaintiff have and recover from defendants United States Industries, Inc. and Mr. Egg Company, Inc., jointly and severally, the sum of $69,825.00, with interest thereon at the rate of ten percent (10%) per annum from the date of this Judgment until paid, together with plaintiff's costs herein expended, and (3) that in the event either United States Industries, Inc. or Mr. Egg Company, Inc. fully satisfies the plaintiff's Judgment, thereby discharging the common liability of both defendants to the plaintiff, such defendant will be entitled to recover over from the other responsible defendant to the extent of such other defendant's proportionate responsibility, either 65.2 percent (United States Industries, Inc.) or 34.8 percent (Mr. Egg Company, Inc.), as the case may be.