Mary Ellen JACKSON, Jerry D. JEWELL and
Ometa M. JEWELL *v.*
FARM AND COMMERCIAL PROPERTIES

84-186                                              680 S.W.2d 105

Supreme Court of Arkansas
Opinion delivered December 3, 1984

*Acchione & King,* by: *Harold King;* and *Lazar M. Palnick,* for appellant.

*Plegge & Church,* by: *Beresford L. Church, Jr.,* for appellee.

WEBB Hubbell, Chief Justice. This is an appeal from a decree of the Pulaski County Chancery Court ordering appellants, Mary Ellen Jackson, Jerry Jewell, and Ometa Jewell to specifically perform a contract to sell real property. Jerry Jewell borrowed money from Barney Mays and deeded property to Dorothy Mays as security for the loan. Dr. Jewell and Barney Mays had an understanding that the property would be reconveyed upon repayment of the loan. Barney Mays, who was president of Mays Realty, listed the property for sale. One of his agents found a buyer, appellee, who made an offer to purchase the property on January 9, 1979. During that same month, Dr. Jewell repaid the loan, and at Dr. Jewell's request, Mrs. Mays deeded the property to Dr. Jewell's secretary, Mary Ellen Jackson. Appellee made another offer; the offer and acceptance was signed; and $200.00 earnest money was accepted by the agent of Mays Realty. On April 23, 1981, appellee sued for specific performance of this land sale contract. The chancellor ruled that the contract was valid and that appellee was entitled to a decree of specific performance. Appellants urge error in the chancellor's finding that Mary Ellen Jackson had authority to sign the land sale contract and error in actions by the chancellor at trial. We affirm.

The chancellor made the following findings of fact: 1) Mary Ellen Jackson held record title to the real property; 2) Mary Ellen Jackson entered into the written land sale contract with appellee as buyer; 3) Mary Ellen Jackson signed the contract at the direction of Jerry Jewell and as agent of Jerry Jewell and Ometa Jewell, and her signature on the contract is not a forgery. Findings of fact by the chancellor shall not be set aside unless clearly erroneous or clearly against the preponderance of the evidence. ARCP Rule 52. *Ivey* v. *Bray,* 278 Ark. 475, 647 S.W.2d 430 (1983). Since the question of preponderance turns heavily on the credibility of the witnesses, we defer to the superior position of the chancellor in this regard. *Hackworth* v. *First National Bank of Crossett,* 265 Ark. 668, 580 S.W.2d 465 (1979). Mary Ellen Jackson held record title to the property. Her signature

appeared on a valid contract for the sale of land for which consideration in the amount of $200.00 was paid. One of the partners of Farm and Commercial Property testified that although he had numerous conversations with Dr. Jewell about the price of the property, "there was never anything said that it [the signature] was a forgery or even anything improper about it." An agent for Mays Realty testified that Dr. Jewell set up an appointment with him to meet with Mary Ellen Jackson for her to sign the offer and acceptance. He further testified that he took the offer to her apartment where, stating she was authorized to sign by Dr. Jewell, she signed it in his presence. We conclude the chancellor did not err in finding that Mary Ellen Jackson, as Dr. Jewell's agent, had authority to sign the offer and acceptance nor in awarding appellee specific performance of the land sale contract.

Appellants also contend the chancellor erred in prematurely ruling that Mary Ellen Jackson's signature was not a forgery and in calling a witness to the stand after he had been excused. In the direct examination of Jerry Jewell concerning Mary Ellen Jackson's signature, he stated "I think it's a forgery." The chancellor then stated "The Court made a Ruling on that, or if it didn't, the Court is going to make a Ruling after taking extensive evidence that that is not a forgery. That that is Ms. Jackson's signature, and let's move on from that question." Although the trial court may have erred in refusing to accept appellants' evidence that the signature on the offer and acceptance was a forgery, appellants' counsel did not attempt to proffer any evidence. An exclusion of evidence cannot be reviewed in the absence of a proffer showing what the evidence would have been. *Malcolm* v. *Thompson*, 280 Ark. 275, 658 S.W.2d 357 (1983).

At the beginning of the proceedings, appellants' counsel had requested "the rule" to be invoked, and the chancellor so ordered. During the questioning of appellee's second witness, the first witness, who had been excused, re-entered the courtroom. The chancellor recognized his presence, asked him a question, and allowed appellant's counsel to question him. Although the chancellor's action may have constituted error, counsel for appellee failed to

object. The absence of a timely objection precludes a consideration of the matter on appeal. *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983).

Affirmed.

HAYS, J., not participating.