_____

No. 94-3629
_____

Jay Hiatt,                               *
                                         *
     Appellant,                          *
                                         *
     v.                                  *
                                         *
Mazda Motor Corporation,                 *
formerly known as Toyo Kogyo             *
Co. Ltd.; Mazda Motor, of                *
America, Inc.,                           *
                                         *
     Appellees.                          *
                                         *
                                         * Appeal from the United States
                                         * District Court for the
Mazda Motor Corporation,                 * Eastern District of Arkansas.
formerly known as Toyo Kogyo             *
Co. Ltd.; Mazda Motor, of                *
America, Inc.,                           *
                                         *
     Third Party Plaintiffs,             *
                                         *
     v.                                  *
                                         *
Rodney D. Wadlow,                        *
                                         *
     Appellee,                           *
_____  *
                                         *
Product Liability Advisory               *
Council, Inc.,                           *
                                         *
     Amicus Curiae.                      *

_____

Submitted:  May 15, 1995

Filed:  January 30, 1996
_____

Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and
     LOKEN, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

Jay Hiatt filed this diversity of citizenship action to recover damages for injuries he suffered as a passenger in an automobile involved in a one-car accident on a rural road near Morrilton, Arkansas. Hiatt named as defendants in the action the manufacturer of the vehicle, Mazda Motor Corporation (Mazda Motor), and the distributor, Mazda Motor, of America Inc. (Mazda America) (Mazda Motor and Mazda America sometimes referred to herein collectively as Mazda).

Mazda then filed third-party claims for contribution against Rodney Wadlow, the driver of the automobile, and Lygwna Daughtry, the car's owner. The claim against Daughtry was dismissed before trial and the jury returned a verdict in favor of Mazda and against Hiatt. Judgment was entered on the verdict by the district court.[1] Hiatt filed a timely notice of appeal from the judgment of the district court under 28 U.S.C. § 1291. We affirm.

The relevant facts are summarized briefly here. On July 4, 1991, Hiatt and Wadlow attended a party where they and others consumed alcohol. Although the evidence showed that Wadlow exhibited signs of intoxication, Lygwna Daughtry agreed to loan Wadlow her 1983 Mazda 626 automobile and Hiatt and another man, Joel Thomas, agreed to ride with Wadlow.

Wadlow, the driver, and Thomas, the front seat passenger, did not fasten their seat belts. Sometime after the drive began, however, Hiatt became concerned about Wadlow's driving and Hiatt, riding in the back seat of the car, fastened his seat belt. At approximately 11:30 p.m., the car went off a winding road near Morrilton, Arkansas and struck a creek bank. Neither Wadlow nor Thomas was seriously injured. Hiatt, however, suffered severe injuries to his lower abdomen.

---

[1]The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

Hiatt, of Arkansas, sued Mazda Motor and Mazda America, both non-Arkansas corporations, in federal court alleging that his abdominal injuries were caused by the defective design of the car's rear seatbelt system. Mazda answered and, seeking contribution, filed third-party claims against both Wadlow and Daughtry under Federal Rule of Civil Procedure 14(a). Hiatt opposed the addition of Wadlow and Daughtry to the suit on grounds that his claim was solely one of defective design of the seatbelt system and that the potential liability of Wadlow and Daughtry in causing the accident was irrelevant. The district court overruled Hiatt's objections and allowed Wadlow and Daughtry to be impleaded.

Prior to trial, Hiatt filed a motion <u>in limine</u> seeking to exclude all evidence regarding the possible negligence of himself, Wadlow or Daughtry in causing the accident. Hiatt contended that his claim was only that -- once the accident occurred -- the seatbelt system caused him serious injury because of its defective design. The trial court overruled this motion.

On the eve of trial, because of concern about the possible application of the Arkansas comparative fault statute, Mazda moved to dismiss its third-party claims against Wadlow and Daughtry. Hiatt opposed the motion as to Wadlow on the ground that his fault, if any, should be compared with the combined fault of defendant Mazda and third-party defendant Wadlow. The district court overruled the motion to dismiss as to Wadlow but dismissed the third-party claim against Daughtry.

At no point did Hiatt assert any claims directly against Wadlow or Daughtry. Although Rule 14(a) would have permitted Hiatt to file such additional claims once the third-party defendants were impleaded, the complete diversity required between plaintiff and all defendants would have been destroyed because Wadlow and Daughtry were both Arkansas residents. Hiatt did pursue a

separate action against Wadlow in Arkansas state court.

At trial, Mazda and Hiatt contested proposed jury instructions on the issue of comparative fault. Mazda contended that under Arkansas law plaintiff Hiatt's fault should be compared with defendant Mazda's fault and Hiatt could recover only if his comparative fault was less than that of Mazda's. Hiatt argued that, once Wadlow was added as a third-party defendant, Hiatt was entitled to recovery if his fault was less than the combined fault of Mazda and Wadlow. The district court agreed with Mazda and instructed the jury that it should compare Hiatt's fault only with that of the two Mazda entities and not with that of the third-party defendant Wadlow:

> If the fault of Jay Hiatt is of less degree than the fault of Mazda Motor Corporation and Mazda Motor of America, then Jay Hiatt is entitled to recover any damages which you may find he has sustained as a result of the occurrence after you have reduced them in proportion to the degree of his own fault.
>
> On the other hand, if Mazda Motor Corporation and Mazda Motor of America were not at fault, or if the fault of Jay Hiatt is equal to or greater in degree than the fault of Mazda Motor Corporation and Mazda Motor of America, then Jay Hiatt is not entitled to recover any damages.

Jury Instruction No. 32, Trial Transcript at 1550-51. Based on this instruction as to the law, the jury found in favor of Mazda and denied Hiatt recovery for his injuries.

Hiatt raised two issues in this appeal, but only one remains for our decision here. First, Hiatt contended that the district court erred by overruling his motion in limine to exclude evidence that did not directly relate to his claim that the seatbelt system was defectively designed. In his reply brief, Hiatt withdrew this issue from his appeal. Second, Hiatt urged that the district court erred as a matter of law in instructing the jury to compare Hiatt's fault, if any, only with that of Mazda and not with that of Wadlow.

-4-

Our discussion of that issue follows.

It is, of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Much ink has been spilled on the subtleties and ambiguities of the substance versus procedure distinction, see, e.g., Ely, The Irrepressible Myth of Erie, 87 Harv. L. Rev. 693 (1974), but the general rule has remained firm in the jurisprudence of the federal courts. See Walker v. Armco Steel Corp., 446 U.S. 740, 744-48 (1980). See generally, Boner, Erie v. Tompkins: A Study in Judicial Precedent, 40 Tex. L. Rev. 619 (1962); Friendly, In Praise of Erie -- And of the New Federal Common Law, 39 N.Y.U. L. Rev. 383 (1964).

In the present case, there is no dispute among the parties that the substantive law of Arkansas -- the forum state and the state where the relevant events occurred -- governs Hiatt's liability claim against Mazda. The parties do dispute, however, the proper application of the Arkansas law of comparative fault, where, as here, there is a third-party claim for contribution.

The Arkansas comparative fault statute adopts a modified comparative fault approach, providing that:

> (a) In all actions for damages for personal injuries or wrongful death or injury to property in which recovery is predicated upon fault, liability shall be determined by comparing the fault chargeable to a claiming party with the fault chargeable to the party or parties from whom the claiming party seeks to recover damages.
>
> (b)(1) If the fault chargeable to a party claiming damages is of a lesser degree than the fault chargeable to the party or parties from whom the claiming party seeks to recover damages, then the claiming party is entitled to recover the amount of his damages after they have been diminished in proportion to the degree of his

-5-

own fault.

    (2)If the fault chargeable to a party claiming damages is
    equal to or greater in degree than any fault chargeable
    to the party or parties from whom the claiming party
    seeks to recover damages, then the claiming party is not
    entitled to recover such damages.

    (c) The word "fault" as used in this section includes any
    act, omission, conduct, risk assumed, breach of warranty,
    or breach of any legal duty which is a proximate cause of
    any damages sustained by any party.

Ark. Code Ann. § 16-64-122 (1995) (emphasis added).  Thus, in a
simple negligence case under Arkansas law, the relative fault of
the plaintiff is compared to the relative fault of the defendant
and the plaintiff may recover damages only if his fault is less
than the defendant's fault.  See Riddell v. Little, 488 S.W.2d 34,
36 (Ark. 1972); Bonds v. Snapper Power Equipment Co., 935 F.2d 985,
987 (8th Cir. 1991).

    In a case where there are multiple defendants, the Arkansas
statute provides that a plaintiff is allowed to recover if his
relative fault is less than the combined fault of all defendants.
Ark. Code Ann. § 16-64-122(b)(1).  Moreover, the Arkansas Supreme
Court has held that the plaintiff may recover from an individual
defendant in a multiple defendant case even though the negligence
of the individual defendant is less than that of the plaintiff.
See, e.g., Riddell, 488 S.W.2d at 36.

    Because Hiatt sued only two defendants, Mazda Motor and Mazda
America, there would ordinarily be no doubt that the district court
was correct to instruct the jury to compare the fault of Hiatt with
the fault of the two Mazda entities.  Hiatt contends, however, that
Mazda's impleader of Wadlow as third-party defendant changed the
applicable rule under Arkansas law and that the district court's
instruction was in error.

Hiatt rests his argument on his construction of the Arkansas Supreme Court's holding in <u>Larson Machine, Inc. v. Wallace</u>, 600 S.W.2d 1 (Ark. 1980). In that case, Wallace, a farmer, was injured while operating a fertilizer spreader. Wallace alleged that the fertilizer spreader was defective and brought suit against Larson Machine, the manufacturer of the spreader, and G & G Manufacturing, the maker of one of the spreader's component parts. G & G then filed a third-party claim against Oakley, the seller of the spreader. Wallace amended his complaint to assert a claim against Oakley, but not until after the statute of limitations for bringing such claims had expired. Oakley moved to dismiss Wallace's claim as untimely but the trial court denied Oakley's motion and the Arkansas Supreme Court affirmed.

Although <u>Larson Machine</u> was a negligence and product liability case involving questions of comparative fault, the Arkansas Supreme Court based its decision that the plaintiff's apparently untimely claim against the third-party defendant could go forward on the language of the Arkansas statute on third-party practice, which at the time provided:

> [After a third-party complaint is filed] [t]he <u>plaintiff shall amend his pleadings</u> to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. The <u>third-party defendant is bound</u> by the adjudication of . . . his own liability to the plaintiff. . . .

Ark. Stat. Ann. § 34-1007 (1962) (emphasis added) (now codified as amended at Ark. Code Ann. § 16-61-207(1)(1995)).

The court reasoned that because the statute said the "plaintiff <u>shall</u> amend his pleadings" and that "the third party defendant <u>is</u> bound" the actual amendment of pleadings was a mere technical formality and not necessary in order for the plaintiff Wallace to obtain a judgment against the third-party defendant Oakley. The court found that Wallace and Oakley were "at issue as to their rights respecting the claim" from the time Oakley answered

-7-

G & G's third-party complaint and thus the statute of limitations was satisfied although Wallace's actual amendment of his complaint came after the statute had run. Larson Machine, 600 S.W.2d at 6. Having been deemed -- by judicial interpretation of the third-party practice act -- to have brought a claim against Oakley, Wallace's fault could be compared to that of Oakley under the Arkansas comparative fault statute.

Hiatt maintains that under Larson Machine a plaintiff -- even one in a federal rather than a state court -- need not have amended his pleadings and asserted a claim against a third-party defendant in order for the plaintiff and the third-party defendant to be "at issue as to their rights respecting the claim." Larson Machine, 600 S.W.2d at 6. Thus, Hiatt further maintains, once Wadlow was impleaded by Mazda, Wadlow became a "party . . . from whom [Hiatt sought] to recover damages" for purposes of Arkansas' comparative fault statute. Ark. Code Ann. § 16-64-122(a). Accordingly, argues Hiatt, as a matter of substantive Arkansas law under Erie v. Tompkins, the federal district court sitting in diversity should have instructed the jury to compare Hiatt's fault not only with Mazda's, but also with Wadlow's.

As Mazda points out, however, it is not clear whether (or how) the Arkansas Supreme Court would apply the Larson Machine rule to the facts of the case at hand. There are a number of differences between this case and Larson Machine which could lead to a different result. For example, unlike the plaintiff in Larson Machine, Hiatt never amended his complaint -- even in an untimely fashion -- to seek damages against Wadlow. In fact, if Hiatt had sought to add a claim against Wadlow complete diversity would have been absent and the federal court would have had to dismiss the suit for lack of jurisdiction. Moreover, by the time the present case went to the jury, the Arkansas legislature had amended the State's third-party practice statute to provide that a plaintiff "may" rather than "shall" bring claims he has against a third-party

defendant. Ark. Code Ann. § 16-61-207. Thus, it is unclear whether <u>Larson Machine</u> is still good law in Arkansas, even with respect to a plaintiff's untimely claims against third-party defendants.

The most important aspect of the Arkansas court's decision in <u>Larson Machine</u> for the present case, however, is that the relevant portion of the ruling rested not primarily on the language of the comparative fault statute -- substantive state law -- but on the court's interpretation of the language of the third-party practice act -- state procedural law. On this point the opinion of the court is quite clear. The plaintiff Wallace was held entitled to a judgment against the third-party defendant Oakley because of the specific terms of the third-party practice act:

> Some courts have held that the original plaintiff has a choice as to whether he will amend his pleadings to seek relief against the third party defendant and that the plaintiff cannot recover against a third party defendant without having amended his pleadings to assert a cause of action against that third party defendant. Most, if not all of them, are based upon a rule or statute different from ours in important respects. While our statute permits the filing of a third party complaint against one "who is or may be liable as a joint tortfeasor to him or the plaintiff," it also provides that the plaintiff "shall" amend his pleadings to assert any claim against the third party defendant that he might have asserted had he joined the third party defendant as a defendant in his original complaint. Our statute specifically makes the adjudication of the third party defendant's liability to the plaintiff binding upon the third party defendant. Our statute is different from those patterned after Rule 14 of the Federal Rules of Civil Procedure, under which the plaintiff "may" amend his pleadings to assert a claim against the third party defendant, and the effect of the adjudication of the third party's liability is declared by our statute. . . .

> When the third party complaint alleges a direct liability of the third party defendant to the plaintiff on the claim set out in the plaintiff's complaint, the third party "shall" make his defenses to the complaint and no amendment to the complaint is necessary or required, and

> the parties are at issue as to their rights respecting the claim without any amendment of the complaint by the plaintiff.

Larson Machine, 600 S.W.2d at 6 (citations omitted).  In Larson, the Arkansas court also made clear that its earlier decision in Chapman Chemical Co. v. Taylor, 222 S.W.2d 820 (Ark. 1949), also rested on the third-party practice act.  Larson Machine, 600 S.W. 2d at 6.

Only by interpreting the Arkansas third-party practice act to mean that the plaintiff was deemed to have filed a timely claim against the third-party defendant could the plaintiff's fault be compared to that of the third-party defendant.  Nothing in Larson Machine, nor in any other Arkansas case to which we have been referred, suggests that Arkansas follows a substantive comparative fault rule that a plaintiff's degree of fault should always be compared with the fault of other possible wrongdoers, even if plaintiff has asserted no claim against those wrongdoers.  Indeed, given the plain language of the comparative fault statute -- that the plaintiff's fault should be compared to that of the parties from whom the plaintiff "seeks to recover damages" -- it is hard to imagine how the legislature's words could be construed to reach such a result.  See Booth v. United States Industries, Inc., 583 F. Supp. 1561, 1562 (W.D. Ark. 1984) ("[U]nder Arkansas law the degree or percentage of fault of Mary Weston, who is not a party defendant, is not to be considered. . . .").

Unlike Larson Machine, in this case a federal rule -- not state law -- governed the third-party claim against Wadlow and the rights of plaintiff Hiatt against Wadlow.  Federal Rule of Civil Procedure 14(a).  Thus, we believe we need not resolve precisely how significant the Arkansas court would find some of the other distinctions between the cases.  For, contrary to Hiatt's contention, a federal district court in a diversity case is neither

required, nor indeed permitted, to apply state law to a matter covered by a Federal Rule of Civil Procedure.

The United States Supreme Court has consistently held, at least since its decision in <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965), that if a matter is covered by a Federal Rule the federal courts must apply the Rule without regard to whether the matter might arguably be labeled substantive or procedural.  The Supreme Court reasoned in <u>Hanna</u> that,

> [w]hen a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided <u>Erie</u> choice:  the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

<u>Hanna v. Plumer</u>, 380 U.S. 460, 471 (1965).  Thus, the full-blown <u>Erie</u> analysis -- first determining whether a matter is substantive or procedural and then applying state law on substantive matters -- does not apply if the matter in question is covered by a Federal Rule of Civil Procedure.

In more recent cases, the Supreme Court has clarified that federal courts should look beyond the terms of an applicable Federal Rule only if there is some question whether "the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court."  <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 749-50 (1980).  The Court has stressed that federal courts must apply a Federal Rule to a matter within its scope even where it differs from a state rule and could lead to a different outcome. <u>Burlington No. R.R. Co. v. Woods</u>, 480 U.S. 1, 6 (1987).  This is because,

> [t]he cardinal purpose of Congress in authorizing the development of a uniform and consistent system of rules

-11-

> governing federal practice and procedure suggests that Rules which incidentally affect litigants' substantive rights do not violate this provision if reasonably necessary to maintain the integrity of that system of rules.

<u>Burlington Northern</u>, 480 U.S. at 5 (citations omitted).  Moreover, the Court has stated that when determining whether a Federal Rule infringes on state substantive rights, the Federal Rules are entitled to "presumptive validity" under both the Rules Enabling Act and the Constitution.  <u>Burlington Northern</u>, 480 U.S. at 6.

In the present case, the issue is whether third-party defendant Wadlow is a party from whom Hiatt "seeks to recover damages,"  Ark. Stat. Ann. § 16-64-122, where Wadlow was impleaded but Hiatt asserted no claims against him.  There is no doubt that this issue is within the scope of Federal Rule 14(a) which governs third-party practice in federal courts.  Rule 14(a) provides in relevant part:

> **(a)  When Defendant May Bring in Third Party.**  At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. . . . <u>The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party</u> <u>plaintiff</u> . . . .

Fed. R. Civ. P. 14(a) (emphasis added).  Under Federal Rule 14(a), the plaintiff must affirmatively act to assert a claim he may have against a third-party defendant.  <u>See</u>, <u>e.g.</u>, <u>Monarch Industrial Corp. v. American Motorists Ins. Co.</u>, 276 F. Supp. 972, 981 (S.D.N.Y. 1967) ("Plaintiff . . . could bring a direct action against a third-party defendant only by an amendment to his complaint.");  <u>Thompson v. Cranston</u>, 2 F.R.D. 270, 271 (S.D.N.Y.

-12-

1942) ("Without amending the plaintiffs cannot recover against the third-party defendants.").  On the other hand, the corresponding Arkansas statute as interpreted in Larson Machine provided that a plaintiff could be deemed to have asserted a timely claim against a third-party defendant even where the actual claim was untimely. Ark. Stat. Ann. § 34-1007 (1962) (now codified as amended at Ark. Code Ann. § 16-61-207(1)(1995)).

It is clear that for purposes of the analysis mandated by the Supreme Court in the Hanna v. Plumer line of cases, Federal Rule 14 (a) "covers the point in dispute." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 26 (1988). Cf. Brown v. E. W. Bliss Co., 818 F.2d 1405, 1408-09 (8th Cir. 1987) (in diversity case trial court should apply Federal Rule 15(c) rather than comparable Missouri rule).  Indeed, the state and federal rules are plainly coextensive.  Rule 14(a) and the Arkansas statute differ only in that Rule 14(a) makes the filing of the plaintiff's claims against a third-party defendant discretionary while the Arkansas statute cited made such claims mandatory.

In this situation, the district court was bound to follow the federal rule unless it contravenes either the Rules Enabling Act or the Constitution.  Burlington Northern, 480 U.S. at 5.  The appellant, however, has made absolutely no argument that Rule 14 violates either the Act or the Constitution.  In the absence of any challenge, the Supreme Court has plainly directed that the Rule must be treated as presumptively valid.  Burlington Northern, 480 U.S. at 6.  In any event, we believe that Rule 14(a) as applied is both constitutional and within the scope of the Rules Enabling Act. Cf. Burlington Northern, 480 U.S. at 8 (upholding Federal Rule of Civil Procedure 38 as a valid exercise of Congress' authority); Hanna v. Plumer, 380 U.S. at 472 ("[T]he constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) carries with it congressional power to make rules governing the practice and pleading in those courts, which in turn includes a power to regulate matters which, though falling within the

-13-

uncertain area between substance and procedure, are rationally capable of classification as either."); <u>Brown</u>, 818 F.2d at 1409 (upholding Federal Rule 15(c) under the Constitution and Rules Enabling Act); 19 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> § 4504, at 42 (1982) ("to date no Federal Rule has been found to exceed either constitutional bounds or the authorization of the Rules Enabling Act").

In addition, we note that the district court's application of Rule 14 here satisfies the twin policy aims of the <u>Erie</u> rule: "discouragement of forum-shopping" and "avoidance of inequitable administration of the laws," especially unfair discrimination against one of the parties. <u>Hanna v. Plumer</u>, 380 U.S. at 468. Plaintiffs have no incentive to forum shop, because no later addition of third-party claims by a defendant will change the rule on allocation of fault. A plaintiff in a federal court knows that in a diversity case based on Arkansas law his own fault will be compared only with the fault of those defendants against whom the plaintiff specifically asserts a claim. Moreover, as the Supreme Court stated in refusing to exercise jurisdiction over a plaintiff's claim against a non-diverse third-party defendant:

> the nonfederal claim here was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court. . . . A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims in a case such as this one, since it is he who has chosen the federal rather than the state forum and must thus accept its limitations. "[T]he efficiency plaintiff seeks so avidly is available without question in the state courts."

<u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 376 (1978) (citations omitted). Thus, it does not impede the fair administration of justice for the plaintiff to be limited to recovery from those parties against whom he has asserted claims and over whom he has an independent basis for subject matter jurisdiction.

In sum, we believe that there can be no doubt that the procedure for adding third-party claims and the status in the litigation of third-party defendants is governed by Federal Rule of Civil Procedure 14(a) and not the Arkansas state law of third-party practice.  Because the language and purpose of Rule 14(a) clearly cover the case at hand and the Rule is both constitutional and within the scope of the Enabling Act, the federal trial court was bound under the <u>Hanna v. Plumer</u> line of cases to apply Rule 14(a) rather than the state law of third-party practice.  <u>Stewart Organization</u>, 487 U.S. at 27.

As the district court noted, under Rule 14(a) a plaintiff such as Hiatt "may" assert a claim against a third-party defendant such as Wadlow.  Hiatt, however, did not have an independent basis for subject matter jurisdiction over third-party defendants Wadlow or Daughtry.  If Hiatt had asserted claims against either, complete diversity between the plaintiff and all defendants would have been destroyed and Hiatt could not have maintained an action in federal court.  Hiatt chose to remain in federal court but not to assert any claim against the third-party defendants there and instead sued Wadlow separately in state court.

We believe that having chosen for his own strategic reasons to sue in federal court and withhold his claims against Wadlow, Hiatt cannot at the same time prevail on his argument that the relative fault between himself and Wadlow was at issue in the case.  Contrary to Hiatt's contention, this was a case controlled by Federal Rule 14(a) and not by the decision of the Arkansas Supreme Court in <u>Larson Machine</u>.  That decision rested on the State Supreme Court's interpretation of a state rule of procedure that is not applicable here.  Because he did not add a claim against Wadlow under Rule 14(a), Wadlow was not a "party from whom [Hiatt sought] to recover damages" for purposes of the Arkansas comparative fault statute.

Thus, we find no error in the jury instruction on comparative fault challenged by Hiatt.  The only parties against whom Hiatt sought to recover damages were Mazda Motor and Mazda America.  The district court was correct to rule that the jury should compare Hiatt's fault, if any, only with that of Mazda Motor and Mazda America.  Hiatt may now regret, in retrospect, that his fault could not be compared with that of Wadlow or other possible wrongdoers.  Hiatt's dissatisfaction, however, stems from the requirements of federal diversity jurisdiction and not from any error by the district court in instructing the jury.

For the reasons stated herein we affirm the judgment of the district court on the verdict for Mazda Motor and Mazda America.  In light of our disposition of Hiatt's appeal, the separate motion to dismiss the appeal against Wadlow is denied as moot.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.