HARBOR *v.* CAMPBELL.

5-2755                                    360 S. W. 2d 758

Opinion delivered October 8, 1962.

. . *Terral & Rawlings* and *Gail O. Matthews,* for appellant.

*Denman & Denman,* for appellee.

ED F. McFADDIN, Associate Justice. This appeal stems from a traffic mishap which occurred when the appellee Campbell's car struck the rear of a car occupied by appellants and caused injuries and damages for which appellants sought recovery. The jury verdict and judgment was for Campbell; and appellants seek a reversal because of matters which occurred in the course of the trial.

I. *Conviction For Traffic Violation.* Appellants sought to introduce in evidence a certified copy of the record of the Municipal Court in which appellee had paid a fine for "failure to yield the right-of-way," which charge arose because of the traffic mishap here involved. The Trial Court was correct in refusing to allow the

Municipal Court record to be introduced in evidence. Section 75-1011 Ark. Stats. says:

"No record of the conviction of any person for any violation of this act shall be admissible as evidence in any court in any civil action." Our recent cases of *Garver* v. *Utyesonich,* 235 Ark. 33, 356 S. W. 2d 744; and *Girard* v. *Kuklinski,* 235 Ark. 337, 360 S. W. 2d 115, are in point.

II. *Plea of Guilty For Traffic Violation.* When Appellee Campbell was testifying, appellants sought to interrogate him to show that for this identical traffic mishap Campbell had entered a plea of guilty in Municipal Court to the charge of failure to yield the right-of-way. The Trial Court refused this evidence of a plea of guilty; and such ruling was error. A plea of guilty for traffic violation for the identical traffic mishap is certainly a declaration against interest; and such plea of guilty is as admissible as any other declaration against interest in any other case. In *Covington* v. *Little Fay Oil Co.,* 178 Ark. 1046, 13 S. W. 2d 306, we said: "It is well settled that any statements made by a party, to a suit against his interest, bearing on material facts, are competent as original testimony." Appellants sued appellee for damages, alleging appellee had been guilty of six acts of negligence. One of these was "failing to have his car under proper control," and another was "failing to exercise ordinary care under the existing circumstances." Appellee's plea of guilty to "failure to yield the right-of-way," had clear evidentiary value on the alleged acts of negligence. In *Miller* v. *Blanton,* 213 Ark. 246, 210 S. W. 2d 293, we said: "Appellant Miller testified that a charge of reckless driving was filed against him as a result of this collision, and that he pleaded guilty to this charge . . . This testimony as to appellant's plea of guilty was competent as showing a deliberate declaration against interest by said appellant. 20 Am. Jur. 545"[1]

III. *Comments Of The Trial Judge.* One of the grounds of negligence levelled against the appellee was the

---

[1] In 18 A.L.R. 2d 1307, there are cases cited from many jurisdictions to sustain the rule that proof of a plea of guilty is admissible as a declaration against interest.

claim that he was driving while intoxicated. Robert Harbor testified that immediately after the traffic mishap he smelled alcohol on Campbell's breath. Other witnesses testified that immediately after the mishap they saw Campbell throw some beer cans out of his car into the bushes; and a State Trooper testified that he found four unopened cans of cold beer and one empty can in the bushes pointed out to him by some of the witnesses. When Campbell was on the witness stand, the following occurred on cross-examination:

"By Mr. Rawlings:

"Q. You don't know what time you left home?

"A. I don't remember exactly what time it was. * * *

"Q. You can't tell the jury what time you left home?

"A. I can not.

"Q. The truth of the matter, you were so drunk that you don't know?

"A. I don't think so, I - - (interrupted)

"Mr. Denman, Sr.: I object to that.

"The Court: The objection is sustained.

* * * *

Mr. Rawlings: Well, he testified he wasn't drunk, so don't I have a right to ask him if the truth of the matter is that, wasn't he so drunk that he don't know what time he left home.

* * * *

"The Court: Well, I don't think it is proper to come out and ask a man, that kind of a question, when there is no proof about his being drunk, so far.

"Mr. Rawlings: If the court please, I want to ask for a mistrial at this time, because there is evidence in this record that this man threw beer out of his car, that he had an odor of alcohol on his breath; and the statement of the court that - - (interrupted) * * *

"The Court: That's far different from being drunk; having the odor of alcohol on his breath is far different from a statement that he was drunk.

"Mr. Rawlings: We wish to object to the statement the court is making in the presence of the jury."

We have copied the pertinent cross-examination so there may be seen the full effect of the Court's remarks. At one place the Court said: " .. when there is no proof about his being drunk, so far"; and at another place the Court said: "That's far different from being drunk; having the odor of alcohol on his breath is far different from a statement that he was drunk." The appellants claim that these remarks of the Trial Judge constituted comments on the weight of the evidence; and we agree with appellants. When the Court made these remarks, there was already in the record evidence that: (a) the appellee stated he could not remember what time he left home; (b) appellee had driven his car into the rear of a preceding car on the public highway; (c) the appellee had then thrown one empty and four unopened beer cans into the bushes; and (d) a witness had testified that he had smelled the odor of alcohol on the appellee's breath immediately after the collision.

We are of the opinion that said evidence already offered was sufficient to take the case to the jury on the issue of whether the defendant was guilty of negligence, in that he was driving his car while intoxicated. Such being true, the remark of the Trial Judge was a comment on the weight of the evidence as to intoxication.[2] In *Fuller* v. *State,* 217 Ark. 679, 232 S. W. 2d 988, we quoted from our earlier cases, and summarized:

"The requirement of Art. 7, § 23, of our Constitution, that 'judges shall not charge juries with regard to matters of fact,' applies as well to the credibility of witnesses and the weight to be given their testimony as to the outright

---

[2] There are a series of annotations on the subject, "Driving While Intoxicated," as contained in 42 A.L.R. 1498; 49 A.L.R. 1392; and 68 A.L.R. 1356. In these annotations there is discussed the sufficiency of the proof of the condition of intoxication in criminal cases, and the admissibility of various bits of evidence. The holdings cited in the annotations fully support the conclusion that we have here reached.

truth or falsity of what they say. *St. L. S. W. Ry. Co.* v. *Britton,* 107 Ark. 158, 154 S. W. 215. And it applies not only to what judges tell juries in the course of formal instructions but also to what they say in colloquys with lawyers in the jury's hearing.''

IV. *Appellate Procedure.* The appellee urges one point to overcome appellants' entire appeal; and it relates to a procedural matter which we have considered, and which we find does not possess merit. The appellants duly filed notice of appeal and duly obtained extensions for the filing of the record. But the appellants delayed several months before formally filing with the Court the designation of the record and the points relied on for appeal. Appellee says that this delay — in filing the designation of the record and the points on appeal—is violative of Sections 8 and 11 of Act No. 555 of 1953, as now found in § 27-2127.2 and § 27-2127.5 Ark. Stats. We believe that this present contention by the appellee is an afterthought. The appellee apparently considered the time element immaterial, because, when the appellants filed their designation and points, the appellee designated additional matters for the record without making any claim that the original designation of the record and points had come too late. In short, appellee has failed to show any prejudice to him. Furthermore, the appellee filed no motion to dismiss the appeal because of such delay, but only urged it in the brief; so we cannot say that this case falls within our holding in *Jones* v. *Adcock,* 233 Ark. 247, 343 S. W. 2d 779.

Because of the errors of the Trial Court, as heretofore discussed, the judgment is reversed and the cause is remanded.