JIMMY CHERRY AND MOTORS INSURANCE CORPORATION
*v.* DANNY VINSON

5-4590                                    427 S. W. 2d 17

Opinion delivered April 29, 1968

*Shaver, Tackett & Jones* and *Terral, Rawlings, Matthews & Purtle,* for appellants.

*George E. Steel* and *McMillan, Teague, Bramhall & Davis,* for appellee.

PAUL WARD, Justice. This litigation arises out of an automobile collision.

Jimmy Cherry, appellant, filed a complaint against Danny Vinson, appellee, alleging, in material parts: The collision occurred on Hospital Road in Nashville; that appellee was negligent in failing to keep a proper lookout; in stopping his car in such manner as to create a danger to motorists, and in refusing to abide by traffic laws. He alleged and asked for the following damages: $2,414 for damage to his car; $546 for medical and hospital expenses; and, $23,000 for loss of earnings. A few days later Motors Insurance Corporation also filed a complaint (in the same court) against appellee, alleging that it had issued its policy to appellant covering his damaged car, that it had already paid him $2,371.50 in full settlement, and that it was subrogated to the rights of appellant. Its prayer was for judgment in the said amount against appellee.

To the above complaints appellee alleged that the alleged injuries and damages were caused by the negligence of appellant.

A jury trial resulted in a verdict in favor of Cherry for $800 against appellee. The jury made no finding in favor of Motors Insurance. Both parties now prosecute this appeal, alleging two points for a reversal: One, the trial court erred in refusing to admit certain testimony. Two, the verdict of the jury was contrary to the court's instruction.

*One.* It is our conclusion that the case must be reversed on this point. One of the specific acts of negligence with which appellee was charged was that he improperly parked on the street in violation of traffic rules and regulations. After the collision a traffic officer made an investigation. Appellants offered to introduce testimony to show appellee pleaded guilty in the Nashville City Court to a charge of "improper parking", and it was refused by the trial court. We think the jury had a right to consider this testimony for what it was worth on the issue of comparative negligence as be-

tween appellee and appellant, Cherry. In *Harbor* v. *Campbell*, 235 Ark. 492, 360 S. W. 2d 758, the applicable rule was announced as follows:

"A plea of guilty for traffic violation for the identical traffic mishap is certainly a declaration against interest; and such plea of guilty is as admissible as any other declaration against interest in any other case."

*Two.* Since the case must be reversed on point One the cause of action must be retried as to all parties. In view of that situation we merely point out [as was pointed out by the trial court] that if the jury finds against appellee for any amount in favor of Cherry it must also find against appellee in some amount in favor of Motors Insurance Corporation under the admitted facts in the record before us.

Reversed and remanded.