Edna IVEY *v.* Francis Gardner BRAY

83-15                                                     647 S.W.2d 430

Supreme Court of Arkansas
Opinion delivered February 28, 1983
[Rehearing denied April 4, 1983.]

*Bob Scott,* for appellant.

*House, Holmes & Jewell, P.A.,* by: *Daryl G. Raney,* for appellee.

JOHN I. PURTLE, Justice. In an action brought by appellee against appellant wherein each party claimed ownership of three joint savings accounts the trial court granted summary judgment in favor of appellee. Appellant contends the trial court erred in holding that there were no genuine issues of material facts to be determined and that any interest of the appellant could only be based upon an oral or nuncupative will of the decedent, which was unenforceable as a matter of law. We agree with the decision of the trial court to grant summary judgment in favor of the appellee.

In 1979 Lula Boyd Jackson, decedent, established three separate savings accounts in the names of Edna Ivey and herself. Lula Boyd Jackson died on June 18, 1980, leaving one living relative, Francis Gardner Bray. Appellee filed a complaint in January 1981, in which he sought a determination that the proceeds of the three accounts were property of the estate of Lula Boyd Jackson. Appellee asserted he was the sole heir of decedent and therefore the accounts belonged to him. Appellant answered and alleged that it was her understanding that she was to pay all of the decedent's expenses out of the joint accounts and that any remaining balance would be divided equally between appellant and the estate of Lula Boyd Jackson. It was admitted that the accounts were established to enable the appellant to pay the bills and funeral expenses of the decedent and that decedent retained possession of the check book and certificates of deposit. In her deposition appellant again stated it was her understanding that she was to pay all of decedent's bills and funeral expenses and then divide the balance between herself and the appellee as sole heir of decedent.

The trial court granted appellee's motion for summary judgment. The court found that the joint accounts were opened for the sole purpose of allowing the appellant to pay the bills and funeral expenses for decedent. The court also found that the decedent had no intent to establish or create a right of survivorship in the appellant and that such rights in this case could be based only on an oral or nuncupative will which was not legally enforceable. Finally the court held that appellant had failed to establish her claim by clear and convincing evidence and therefore the proceeds of the three

accounts were to be paid into the estate of the decedent.

Appellant first argues there were genuine issues of material facts to be determined by the court. The record reveals that there was no disagreement concerning the facts surrounding the establishment of the joint accounts nor the intended purpose for such accounts. The request for admissions and the deposition of the appellant clearly admitted the accounts were established for the payment of decedent's debts and funeral expenses. Appellant now insists that her answers to the request for admissions and her statements in deposition did not exclude other hypotheses. In response to this appellee asks that we consider the legal maxim *expressio unius est exclusio alterius.* We think it is proper to apply this maxim in the present case as we did in *Cook* v. *Ark.-Mo. Power Corp.,* 209 Ark. 750, 192 S.W.2d 210 (1946). If appellant had other arguments she should have presented them to the trial court. It was her duty to show there was a genuine issue of the material facts after the appellee had made a *prima facie* showing of his entitlement to a summary judgment. *Cummings Inc.* v. *Check Inn,* 271 Ark. 596, 609 S.W.2d 66 (1980). We will not reverse the chancellor unless his ruling was clearly against a preponderance of the evidence. *City of Little Rock* v. *Breeding,* 273 Ark. 437, 619 S.W.2d 664 (1981).

Appellant next argues that the court erred in holding the appellant failed to sustain her burden of proof to establish a valid interest in the accounts by clear and convincing evidence. Appellant's argument under this theory is to the effect that the accounts established created a right of survivorship in the appellant. We are unable to determine whether such accounts were valid survivorship accounts because the accounts, or certificates, were not abstracted as required by the rules of this court. *Stull, Adm'x.* v. *Ragsdale,* 273 Ark. 277, 620 S.W.2d 264 (1981). The appellant did not argue the right of survivorship in the trial court but instead relied upon creation of a trust account theory. Arguments presented the first time on appeal are not considered by this court. *Sanders* v. *Neuman Drilling Co.,* 273 Ark. 416, 619 S.W.2d 674 (1981).

Affirmed.