Gwendolyn D. DEDMAN *v.* Andre F. PORCH

87-227                                    739 S.W.2d 685

Supreme Court of Arkansas
Opinion delivered November 23, 1987

*Mays & Crutcher, P.A.*, by: *Richard L. Mays*, for appellant.

*Laser, Sharp & Mayes, P.A.*, for appellee.

JOHN I. PURTLE, Justice. The jury returned a defendant's verdict on the appellant's complaint for damages arising out of an automobile collision. For reversal the appellant argues: (1) the evidence was insufficient to support the verdict; (2) that the court erred in excluding evidence that the appellee paid a traffic ticket; and (3) that the court erred in failing to instruct the jury that violation of a municipal traffic ordinance was negligence. We hold that the court did not commit error and the judgment is affirmed.

The collision occurred at the intersection of Fourteenth and High Street in the city of Little Rock, Arkansas. Fourteenth Street has two lanes for eastbound traffic and two lanes for westbound traffic. High Street is a two lane street with the opposing lanes going north and south.

The appellant was eastbound in the inside lane of Fourteenth Street following a van which had stopped at the intersection of Fourteenth and High Street to make a left turn. The appellant switched from the inside lane to the outside lane so she could proceed through the intersection. At the same time the appellee was turning left from the inside westbound lane of Fourteenth Street on to High Street. The collision occurred in the intersection when the front of appellant's vehicle struck the right front corner of the appellee's vehicle. Appellee was issued a traffic citation for failure to yield the right-of-way which he subsequently paid instead of appearing in municipal court.

The trial court refused to allow the appellant to introduce evidence regarding the appellee's payment of the ticket. After the jury returned a judgment for the appellee, the trial court rejected appellant's motion for a new trial and motion for a judgment

notwithstanding the verdict.

██ The first issue on appeal is whether or not the trial court properly rejected appellant's motion for a JNOV or a new trial. When acting upon a motion for a new trial challenging the jury's verdict, the trial court is required by ARCP Rule 59(a)(6) to set aside the verdict if it clearly is contrary to the preponderance of the evidence or contrary to the law. The trial court has great discretion in its ruling and will not be reversed unless we find that the trial court manifestly abused his discretion by acting improvidently or thoughtlessly without due consideration. *Adams* v. *Parker*, 289 Ark. 1, 708 S.W.2d 617 (1986); *Clayton* v. *Wagnon*, 276 Ark. 124, 633 S.W.2d 19 (1982).

██ A judgment notwithstanding the verdict may be issued by the trial court only when there is no substantial evidence to support the verdict and the other party is entitled by law to a judgment in his favor. *McCuiston* v. *City of Siloam Springs*, 268 Ark. 148, 594 S.W.2d 233 (1980). In considering the sufficiency of the evidence on appeal, this court will only consider the evidence favorable to the appellee together with all its reasonable inferences. *Swink & Company, Inc.* v. *Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W.2d 393 (1979).

Appellee testified that when he entered the intersection the light was green. He started making his turn across the eastbound lanes because a van was stopped in the inside eastbound lane getting ready to turn left and he did not see any cars approaching in the outside eastbound lane. Appellee further stated he only saw appellant's car a split second before she hit his car and that his car was totaled.

Appellant testified that she approached the intersection in the lane next to the center line but changed to the outside lane before entering the intersection in order to pass a vehicle in front of her. She testified she applied her brakes when she saw appellee's car.

A police officer testified that appellant's vehicle left seven feet of skid marks leading up to the point of impact. He stated that the front portion of the appellant's vehicle sustained medium damages across the bumper area and the damage to the appellee's vehicle was severe enough to render it non-functional. The police

officer also testified that the speed limit was thirty miles an hour.

One witness said his impression was that appellant's vehicle was traveling at the standard rate on that road when it struck appellee's car and that people usually fly down the street about thirty or forty miles an hour. Another witness testified that after the accident the appellee's car was still in the intersection while the appellant's car had gone on through ending up on the corner of a curb. Everyone who saw the accident testified the light was green for both the appellant and appellee.

■ We find that the trial court acted properly in denying the appellant's motion for a JNOV and a motion for a new trial. The jury's finding was not clearly against the preponderance of the evidence and was supported by substantial evidence. The jury could well have found that the appellant negligently entered the intersection at a speed greater than was prudent under the circumstances and that she failed to keep a proper lookout for other traffic or keep her vehicle under proper control. It does not matter that we might have reached a different conclusion had we been deciding the factual situation.

Appellant's next argument is that appellee's payment of a traffic ticket was an admission against interest and the trial court erred in not allowing such evidence to be presented to the jury, citing *Miller* v. *Blanton*, 213 Ark. 246, 210 S.W.2d 293 (1948); *Harbor* v. *Campbell*, 235 Ark. 492, 360 S.W.2d 758 (1962); and *Midwest Buslines, Inc.* v. *Williams*, 243 Ark. 854, 422 S.W.2d 869 (1968). *Harbor* and *Miller* stand for the proposition that a plea of guilty in open court is admissible as a declaration against interest. In *Midwest Buslines* the defendant was asked if he pled guilty to a traffic charge and he answered, "Yes, I forfeited bond." Since the question was proper and the trial court was not called upon to make any ruling on the unresponsive answer, this Court found no error was committed by the trial court.

■ Arkansas Statute Annotated § 75-1011 (Repl. 1979) states, "No record of the forfeiture of a bond or of the conviction of any person for any violation shall be admissible as evidence in any court in any civil action." We are unable to find a case which holds that paying a traffic ticket entitles the opposing side to introduce evidence of such as an admission against interest. We decline to accept appellant's invitation to expand our rulings on

this matter. We reaffirm our position that the only proper evidence relating to a traffic violation conviction is a party's plea of guilty in open court.

The third and final argument is that the Arkansas rules of evidence on traffic violations should be changed. The appellant would have the jury instructed that violations of statutes and ordinances create a rebuttable presumption of negligence; but, he did not proffer such an instruction to the trial court. The appellant also did not object to the instruction given by the trial court, AMI 903, which after setting forth two traffic ordinances concluded, "a violation of one or more of these two ordinances, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances in this case."

It is well established that arguments presented for the first time on appeal are not considered by this court. *First Commercial Bank* v. *Meyer*, 289 Ark. 345, 711 S.W.2d 791 (1986). *Ivey* v. *Bray*, 278 Ark. 475, 647 S.W.2d 430 (1983). The reason for this rule is that a party must make it known to the trial court the action he desires the court to take before the court's failure to act accordingly can be reviewable on appeal. *Life & Cas. Ins. Co.* v. *Gilkey*, 255 Ark. 1060, 505 S.W.2d 200 (1974). Since appellant did not raise the point at the trial level, this court cannot consider it on appeal.

Affirmed.

HOLT, C.J., and HICKMAN and NEWBERN, JJ., concur.

DAVID NEWBERN, Justice, concurring. The majority opinion refers both to "payment of a ticket" and to forfeiture of bond. The implication of the opinion is that these are different from one another. While I am familiar with the forfeiture of bond as a means of avoiding adjudication of an alleged traffic offense, I am unaware that there is any procedure known as "payment of a ticket" which differs from forfeiture of a bond.

In my view it is enough to note that Ark. Stat. Ann. § 75-1011 (Repl. 1979) provides that a forfeiture of a bond is not admissible in any court in a civil action. As the majority opinion cites no authority to distinguish between the "payment of a ticket" and forfeiture of a bond, and as I know of no such

authority, it is my view that this case involved only a bond forfeiture. The statute should control the outcome on this point, and we should not make a confusing reference to "payment of a ticket."

HOLT, C.J., and HICKMAN, J. join in this concurrence.