Tommy ICE *v.* Burl BRAMLETT

92-599                                    842 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*Mays & Crutcher, P.A.*, by: *Arkie Byrd*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellee.

DONALD L. CORBIN, Justice. This appeal involves one of two cases consolidated for all purposes, including discovery and trial, pursuant to ARCP Rule 42(a). Both cases arose out of an automobile collision occurring shortly after noon on June 2, 1990, at the intersection of Main and Roosevelt Streets in Little Rock, Arkansas. Appellant, Tommy Ice, was a passenger in a vehicle driven by James Lee Williams. In separate actions, both appellant and Williams sued the driver of the other car, appellee Burl Bramlett. Both cases were tried together before a jury which returned verdicts for the defendant in both cases. Only appellant Ice appeals the judgment entered in accordance with the verdicts. As his sole point for reversal, appellant contends the trial court erred in excluding evidence relating to a traffic citation issued to appellee for his actions in the accident in question. We find no merit to appellant's argument and affirm the judgment.

The trial court granted appellee's motion in limine to exclude any testimony concerning whether anyone had received a traffic citation in association with the accident in question and the outcome of any such citation. Appellant contends that appellee received a citation for running the red light at the scene of the accident, that appellee pled guilty to such citation, and was placed on probation. Appellant further contends this alleged guilty plea is an admission against appellee's interest and therefore should have been admissible in the trial below. Appellant relies heavily on *Dedman v. Porch*, 293 Ark. 571, 575, 739 S.W.2d 685, 687 (1987), which holds that "the only proper evidence relating to a traffic violation conviction is a party's plea of guilty in open court." There was evidence from which the jury could have concluded, and apparently did so conclude, that appellee did not run a red light. Thus, argues appellant, the trial court's exclusion of appellee's alleged guilty plea was prejudicial to appellant and reversible error.

To support his claim that appellee pled guilty to the citation, appellant points to the testimony of Mr. David Ogden, Chief Probation Officer of Little Rock Municipal Court, Traffic Division. Mr. Ogden appeared in the trial court's chambers with a copy of a "probation contract" bearing the signature of one "Burl

H. Bramlett." Mr. Ogden testified to the following concerning the probation procedure used in the municipal court:

THE WITNESS: Okay. A typical situation, they would come to the cashier's window to pay the ticket. The cashier will ask them, "How many tickets have you had? You might qualify for probation," to try and give them a break, instead of paying the ticket out right, to pay a probation fee and go on the probation contract for six months or a year, depending on —

THE COURT: Is that in lieu of paying the ticket?

THE WITNESS: Yes sir. It's a $50.00 probation fee in lieu of paying the fine. We keep it held in our files during the time period, either six months or a year. It does not go on the state driving record during that time period unless he violates probation during the time period.

I have the defendant read the contact[sic] and I explain it to him and at the same time say, "You are pleading guilty to whatever the charge is," whether it's speeding or [a] stop sign or whatever it is, and it is a plea of guilty to go on the program. They're either found guilty at trial in Judge Watt's court itself or —

THE COURT: Let's say that wasn't done in this case. *There was no — he never — he never saw Judge Watt.* [Emphasis added.]

THE WITNESS: Well, I'm saying it happens one of two ways.

THE COURT: Okay. Well, *it didn't happen the second way*, so let's talk about the first way. [Emphasis added.]

THE WITNESS: Okay. Well, the contact[sic] says plead guilty or upon a finding of guilt. That's what I was trying to say that the contract says.

THE COURT: Well, how does he plead guilty? How do you plead guilty in this thing?

THE WITNESS: Well, Judge Watt lets us take this as a guilty plea —

THE COURT: What do you mean, Judge Watt lets you take a guilty plea? How does he let you take a guilty plea?

THE WITNESS: Well, if you walk up —

THE COURT: What do you do to take a guilty plea?

THE WITNESS: If you just walk up to the cashier's window and pay it, that's an admission of guilt. I mean, you're paying the ticket out right without going to court or —

. . . .

THE COURT: So you treat this the same as paying a fine as far as pleading guilty?

THE WITNESS: Yes, sir, pleading guilty to go on probation.

THE COURT: The difference is, in your mind, between paying a fine and going on probation. Is that the only difference?

THE WITNESS: As far as the guilty plea, yes, sir. You plead guilty, you pay a $50.00 probation fee, you have a chance to keep it off your record after a six-month time period. In this case, it was a six-month time period.

. . . .

THE COURT: How does the judge's signature end up on this [probation contract]?

THE WITNESS: He signs those at the beginning of the day so we can use these without disturbing him in court on each and every case. He set up this procedure —

THE COURT: It's signed before this man even came in?

THE WITNESS: Yes, sir.

THE COURT: I'm not going to allow it.

THE WITNESS: Okay.

THE COURT: If it's that easy to plead guilty and

hold a man by his statement, I don't see any difference between that and paying a ticket, and I'm not criticizing you.

THE WITNESS: I understand.

THE COURT: I'm just saying we're talking about a whole different issue of getting before a jury and saying, this man knowingly pled guilty in court, I don't think he did that.

■ Appellee points out that the foregoing testimony was proffered in chambers by plaintiff Williams, not by appellant. Appellee claims that because appellant did not proffer Ogden's testimony, appellant cannot now claim it was error to exclude his testimony. The record reveals that while some witnesses were called on behalf of Williams alone and other witnesses were called on behalf of appellant alone, Mr. Ogden was called on behalf of "the plaintiffs" in chambers and out of the hearing of the jury. However, whether it was Williams or appellant who actually proffered Mr. Ogden's testimony into evidence is of no consequence since "[w]e have already seen that consolidated cases must be viewed as a whole, that each plaintiff may claim the benefit of testimony introduced by others." *Derrick* v. *Rock*, 218 Ark. 339, 344-45, 236 S.W.2d 726, 729 (1951), *cited with approval in Southern Nat'l Ins. Co.* v. *Williams*, 224 Ark. 938, 277 S.W.2d 487 (1955).

On the merits of appellant's claim, appellee argues that the municipal court's probation procedure does not include a plea of guilty "in open court," and therefore is not admissible in a civil trial. Appellee also relied on *Dedman*, 293 Ark. 571, 739 S.W.2d 685, as well as Ark. Code Ann. § 27-50-804 (1987). In the alternative, appellant argues that even if we find appellee did not make a guilty plea in open court, evidence of the citation and probation should be admissible simply as a statement against interest.

Section 27-50-804 provides that "[n]o record of the forfeiture of a bond or of the conviction of any person for any violation of this subtitle shall be admissible as evidence in any court in any civil action." We have stated that a plea of guilty is an admission against interest and is therefore admissible in a civil trial.

*Midwest Bus Lines, Inc.* v. *Williams*, 243 Ark. 854, 422 S.W.2d 869 (1968). When interpreting the section 27-50-804's predecessor, we have held that "the only proper evidence relating to a traffic violation conviction is a party's plea of guilty in open court." *Dedman*, 293 Ark. 571, 739 S.W.2d 685.

We observe the absence of any evidence in the record indicating that appellee actually received a traffic citation or that it was his signature on the probation contract proffered into evidence. Mr. Ogden's testimony was proffered in chambers and the trial court then granted appellee's motion in limine; thus, even though appellee did testify at the close of the case, his testimony was necessarily silent regarding any traffic citation or probation. At the in-chambers discussion, there was some indication by counsel that appellee gave a deposition in which he stated that he pled guilty to a citation. However, no such deposition was proffered into evidence. There is also a lack of evidence indicating that appellee ever appeared before the municipal judge, or that he appeared in any hearing or formal activity in which the municipal court conducts business.

The record does contain the probation contract allegedly signed by appellee stating that "[h]aving plead [sic] guilty or upon a finding of guilt . . . I have been advised in open court . . . that I have been placed on unsupervised probation for a period of six months." The contract is ambiguous as to whether the person signing it pled guilty or was found guilty. This ambiguity, especially when considered with the lack of evidence indicating appellee had actually received a citation, signed the contract, and appeared before the municipal judge, renders the contract insufficient to support a finding that appellee entered a guilty plea in open court.

Therefore, due to the lack of evidence connecting appellee with the citation and probation, we hold consistently with *Dedman*, 293 Ark. 571, 739 S.W.2d 685, and section 27-50-804, that any evidence of the citation allegedly issued to appellee and any evidence of his alleged probation in municipal court was not a guilty plea made in open court nor an admission against interest and was therefore properly excluded by the trial court.

As an aside, appellant claims the trial court erroneously judged the validity of the municipal court's probationary proce-

dure. We disagree that the trial court's order had the claimed effect and state that our decision does not either.

The judgment is affirmed.