Barbara PATTERSON, Administratrix of the Estate of
Catherine Patterson *v.* Donald B. ODELL, Jr.;
Donald B. Odell, Sr.; Ida J. Odell; and Eric T. Vollmer

95-245                                            909 S.W.2d 648

Supreme Court of Arkansas
Opinion delivered November 13, 1995
[Petition for rehearing denied December 18, 1995.*]

*Glaze, J., not participating.

*The Rose Law Firm, A Professional Association*, for appellant.

*Anderson & Kilpatrick*, by: *Michael E. Aud*, for appellees.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown*, for appellee Eric T. Vollmer.

DAVID NEWBERN, Justice. Barbara Patterson, the appellant, brought this wrongful death action as personal representative of her daughter, Catherine Patterson, who was killed in a 1987 auto-

mobile collision. Catherine Patterson was a passenger in a car which belonged to appellees Donald B. Odell, Sr., and Ida J. Odell. The Odell's car was being driven by their son, appellee Donald B. Odell, Jr., when it collided with one driven by appellee Eric T. Vollmer. Catherine Patterson died from a head injury received in the crash. Negligence on the part of each driver was alleged. A jury returned a verdict in favor of the drivers, and a judgment was entered in their favor.

Barbara Patterson contends the Trial Court erred by granting a motion *in limine* to prohibit introduction of evidence that both drivers pleaded *nolo contendere* to the charge of negligent homicide resulting from the collision. She also asserts error in failure to grant a new trial on the ground that the verdict was contrary to the preponderance of the evidence. We affirm the judgment.

The Odell vehicle in which Catherine Patterson was a passenger was a 1970 Volkswagen "Bug." A light mist was falling as Mr. Odell drove east on Lee Avenue. Mr. Vollmer was driving south on Elm Street. Mr. Vollmer stopped at the intersection of Lee and Elm which is designed so that a vehicle southbound on Elm must turn west, or right, onto Lee and travel a short distance before making a left hand turn to continue south on Elm. When Mr. Vollmer crossed the intersection, his Toyota was struck by Mr. Odell's Volkswagen.

Mr. Odell and Mr. Vollmer moved *in limine* to suppress any evidence concerning their *nolo contendere* pleas to criminal charges of negligent homicide resulting from the accident. The motion was granted, thus the Trial Court refused to allow Officer Verkler, the investigating officer, to testify as to what occurred in municipal court. Ms. Patterson submitted to the Trial Court that, if allowed, she would have produced testimony from Officer Verkler that Mr. Odell and Mr. Vollmer were present in court and pleaded *nolo contendere* to the charge of negligent homicide. Although no formal proffer of Officer Verkler's testimony was made, it is clear that the substance of the testimony excluded was apparent and was made known to the Trial Court. *See* Ark. R. Evid. 103(a)(2); *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983).

Ms. Patterson produced testimony from Officer Howard, an

expert in accident reconstruction, who examined the scene at the time of the accident. He estimated that the impact speed of Mr. Odell's vehicle was 59 miles per hour and that Mr. Vollmer's speed was 23 miles per hour. He also testified that a person could see from the intersection approximately 151 feet west (the direction from which the Odell vehicle came) of the intersection and that Mr. Odell and Mr. Vollmer should have been able to see each other in time to avoid the accident if each had maintained a proper lookout. Officer Howard added that the view of the intersection from the stop sign on Elm was obscured by foliage.

Mr. Vollmer, who is blind in his right eye, testified he was very familiar with the intersection and that he stopped at the stop sign and then rolled forward slowly so that he could see down the street. He said he turned his head further to the right to compensate for his blindness and that he did not know why he had not seen the Odell vehicle. He said he did not think Mr. Odell was at fault for the accident. Mr. Odell, who was rendered unconscious in the accident, testified he had no recollection of it and could not remember how fast he was driving. He stated he did not feel he was responsible for the accident.

Mr. Bentley, an accident reconstruction expert, testified for the defense. He opined that the impact speed was probably between 33 and 37 miles per hour for the Odell vehicle and 11 to 13 miles per hour for the Vollmer vehicle. He stated that the basis for his opinion was a drag coefficient which was lower than Officer Howard's and the results of crash tests which showed that there would have been far more extensive damage to the Volkswagen than that which it sustained had it been going nearly 60 miles per hour. Mr. Bentley disagreed with the drag coefficient used by Officer Howard to estimate the point of impact speed because he believed it failed to take into account the polished surface of the road, the wet conditions, and the weight of all three passengers in the Odell vehicle. He also said Officer Howard confused a skid mark, which is helpful in determining impact speed, with a yaw mark which is not helpful. Finally, Mr. Bentley stated that the accident was unavoidable.

### 1. Exclusion of the nolo contendere pleas

It is important to realize at the outset of this discussion that it does not involve admissibility of any conviction which may

have been based upon the pleas of *nolo contendere*. The negligent homicide charges were brought pursuant to Ark. Code Ann. § 27-50-307 (Repl. 1994), and Ark. Code Ann. § 27-50-804 (Repl. 1994), which provide that "No record of . . . the conviction of any person for any violation of this subtitle shall be admissible as evidence in any court in any civil action." Both statutes are contained in subtitle 4 entitled "Motor Vehicular Traffic." There was no attempt to introduce a conviction record, so the question is whether the pleas alone may be introduced.

■ No doubt a conviction based on a plea of *nolo contendere* with respect to other than a traffic offense may be admissible in a subsequent criminal trial, *see Pryor* v. *State*, 314 Ark. 212, 861 S.W.2d 544 (1993); *Lewis* v. *State*, 258 Ark. 242, 523 S.W.2d 920 (1975), and a plea of guilty may be admissible as a statement against interest in a subsequent civil case *MFA Mut. Ins. Co.* v. *Dixon*, 243 F.Supp. 806 (W.D. Ark. 1965), but those cases do not answer the question here.

Ms. Patterson bases her argument largely on the wording of Ark. R. Evid. 410 which provides:

> *Withdrawn pleas and offers.* — Evidence of a plea later withdrawn, of guilty, or admission of the charge, or nolo contendere, or of an offer so to plead to the crime charged or any other crime, or of statements made in connection with any of the foregoing withdrawn pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer.

Ms. Patterson argues that the rule, by its plain language taken from the Uniform Rules of Evidence, only applies to suppression of a plea of *nolo contendere* if it is later withdrawn. She then submits that, as the rules do not specifically address a *nolo contendere* plea which is not withdrawn, it is admissible in the same manner as a guilty plea. Obviously, the language of rule 410 does not "authorize" in so many words the admission of a *nolo contendere* plea. The rule does no more than disallow withdrawn pleas. Ms. Patterson's argument thus must be based upon an implication rather than a direct statement in the rule.

The argument is buttressed by Ms. Patterson's citations to the federal and other state rules which, unlike the original uni-

form rule 410 which we have retained, have been altered to provide that a withdrawn plea of guilty is inadmissible as is a plea of *nolo contendere*, whether or not withdrawn. Her contention is that the failure to make the change in the Arkansas rule indicates an intent on the part of the drafters that a *nolo contendere* plea be admissible. She points out that in some other states which have left the language as we have it here there is to be found an expression of intent that *nolo contendere* pleas be admissible. *See, e.g.*, Rhode Island Rule of Evidence 410 and Advisory Committee Notes (1994). She does not suggest that there is any such expression in the law of Arkansas.

Ms. Patterson especially wanted the plea of Mr. Odell entered in order to impeach his statement that he felt no responsibility for the accident. We assume she also feels that the plea of Mr. Vollmer amounted to some sort of statement with respect to whether he was guilty of negligence. She contends the pleas were admissible in accordance with Ark. R. Evid. 613 which deals with a "prior inconsistent statement," and Rule 801(d)(2) concerning an "admission" of a party opponent. These contentions require consideration of the nature of a plea of *nolo contendere*.

█ Generally, a plea of guilty in open court is admissible as a declaration against interest. *Dedman* v. *Porch*, 293 Ark. 571, 739 S.W.2d 685 (1987). "A plea of guilty for traffic violation for the identical traffic mishap is certainly a declaration against interest and such plea of guilty is as admissible as any other declaration against interest in any other case." *Harbor* v. *Campbell*, 235 Ark. 492, 360 S.W.2d 758 (1962).

██ We have been cited to no Arkansas authority which defines or describes the effect of a *nolo contendere* plea, and we have found none. *Black's Law Dictionary*, p. 591 (5th ed. 1979), defines and describes it as follows:

> Latin phrase meaning "I will not contest it": a plea in a criminal case which has a similar legal effect as pleading guilty. Hudson v. U.S. 272 U.S. 451 . . . Type of plea which may be entered with leave of court to a criminal complaint or indictment by which the defendant does not admit or deny the charges, though a fine or sentence may be imposed pursuant to it. The principal difference between a plea of guilty and a plea of nolo contendere is that the latter may

not be used against the defendant in a civil action based upon the same acts.

* * *

The history of the plea of *nolo contendere* is recited in *Hudson v. U.S.*, 272 U.S. 451 (1926), where the Supreme Court, in an *obiter dictum*, stated, "Like the implied confession, this plea does not create an estoppel [of the defendant to plead and prove his innocence in a civil action], but, like the plea of guilty, it is an admission of guilt *for the purposes of the case.* [Emphasis supplied.]"

The Trial Court stated his reasons for granting the motion *in limine* as follows:

> First of all, I found no precedent for [allowing evidence of a plea of *nolo contendere*] in the state. Secondly, the attorney who wanted to offer that testimony, it took him several pages in his brief to explain the nature of a nolo contendere plea in Arkansas and all that it entails, and I believe, in order to let that in, you have to allow all of the testimony on both sides about what a nolo contendere entails and what it doesn't, and I don't want to add to the trial by putting all that extra in . . . .

The decision on the motion is subject to two interpretations. The implied reference to confusing the jury and undue delay suggest perhaps the Trial Court intended the ruling to be pursuant to Ark. R. Evid. 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

On the other hand, it may have been the Trial Court's intention to hold that evidence of a plea of *nolo contendere* is inadmissible because it would require additional evidence as it simply has no meaning. The plea may, of course, be entered because an accused who does not wish to admit guilt wants to avoid the financial and emotional expenditures attendant upon a criminal trial and is thus willing to accept punishment. That is the tradi-

tional view, as expressed in the *Hudson* case and in others such as *U.S.* v. *Morrow*, 537 F.2d 120 (5th Cir. 1976), in which it was held, quoting *Mickler* v. *Fahs*, 243 F.2d 515 (5th Cir. 1957):

> A plea of nolo contendere is a mere statement of unwillingness to contest and no more. It is not receivable in another proceeding as evidence of guilt. . . . The same reasons which make the evidence of a plea of nolo contendere inadmissible as an admission will exclude it in a jury trial when offered for the purposes of impeachment.

*See also People* v. *Daiboch*, 265 N.Y. 125, 191 N.E. 859 (1934); *Dalweld Co.* v. *Westinghouse Elec. Corp.*, 252 F.Supp. 939 (S.D.N.Y. 1966).

Other older cases, not based on a codified rule of evidence, seem to say only that one who has pleaded *nolo contendere* is not estopped thereby from proving his or her innocence in a related civil proceeding, an allusion found in the quotation from the *Hudson* case, *supra*. *State* v. *Bridgett*, 210 A.2d 182 (Conn. App. 1965); *Kravis* v. *Hock*, 136 N.J.L. 161, 54 A.2d 778 (1947). Presumably such a holding would admit evidence of the plea but permit explanation of it, thus adding an element to the civil proceeding which could have a distracting if not highly prejudicial effect.

■ We prefer the rule which excludes evidence of the plea altogether. While the Trial Court's ruling may have been on the basis of Rule 403 rather than on the basis of inadmissibility of the evidence, we are at liberty to affirm for a reason different from the one he expressed. *Hubbard* v. *The Shores Group Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993); *Summers Chevrolet Inc.* v. *Yell County*, 310 Ark. 1, 832 S.W.2d 486 (1992).

### 2. *The new trial motion*

■ When a motion for a new trial is made on the ground that the verdict is clearly contrary to the preponderance of the evidence, Ark. R. Civ. P. 59(a)(6), we affirm if the verdict is supported by substantial evidence, giving the verdict the benefit of all reasonable inferences permissible in accordance with the proof. *First Marine Ins. Co.* v. *Booth*, 317 Ark. 91, 876 S.W.2d 255 (1994); *Gilbert* v. *Shine*, 314 Ark. 486, 863 S.W.2d 314 (1993).

■ Essentially, Ms. Patterson contends that there was not sufficient evidence to support the jury verdict because the accident could not have happened if both drivers were free of negligence. She contends Mr. Vollmer was negligent for failing to see Mr. Odell, and failing to yield the right of way, or that Mr. Odell was negligent for speeding and failing to keep a proper lookout. She relies primarily on the testimony of her expert witness, much of whose testimony was contradicted by the expert produced by the defense. It is within the province of the jury to believe or disbelieve the testimony of any witness, *Hodges* v. *Jet Asphalt*, 305 Ark. 466, 808 S.W.2d 775 (1991); *Fuller* v. *Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989), and the rebuttal evidence was substantial.

Affirmed.

BROWN and ROAF, J.J., concur.

GLAZE, J., not participating.