## Scott NIXON *v.* Rebekah J. CHAPMAN

CA 08-70                                                288 S.W.3d 266

Court of Appeals of Arkansas
Opinion delivered October 1, 2008

*Morris Law Firm*, by: *Victoria K. Morris*, for appellant.

*Roy, Lambert & Lovelace*, by: *Robert J. Lambert, Jr.* and *James H. Bingaman*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant Scott Nixon appeals the November 16, 2007 judgment entered by the Washington County Circuit Court that dismissed his negligence lawsuit against appellee Rebekah Chapman. His sole point on appeal is that the circuit court erred in granting appellee's motion in limine

in the lawsuit, specifically in finding that appellee did not enter a plea of guilty in open court to a charge of careless and prohibited driving. We affirm.

On the morning of May 15, 2004, appellant was traveling west on U.S. Highway 412, when appellee pulled out in front of appellant's vehicle while entering the highway. In order to avoid a collision, appellant took evasive action and quickly maneuvered his vehicle into the outside lane. As he attempted to pass appellee in that outside lane, appellee changed lanes, again driving her vehicle in front of appellant's. Appellant applied his brakes to avoid a collision, at which time he lost control of his vehicle, careened off of the highway into a ditch, overturned the vehicle into a field, and came to rest right-side-up but facing back toward the east. As a result of the accident, appellant suffered damages totaling $166,000.

At the time of the accident, appellee was cited for careless/prohibited driving. Her arraignment date for the traffic citation was scheduled for June 21, 2004. She contacted the prosecutor's office and negotiated a settlement agreement prior to that date, whereby she forfeited bond or paid a fine, and the matter was taken under advisement by the Springdale District Court on May 20, 2004.

As a result of the accident, appellant filed a negligence suit against appellee. Appellee filed a motion in limine related to the district-court traffic citation on November 7, 2007, and appellant filed a response on November 13, 2007. A trial on the merits was scheduled for November 13, 2007, and after a hearing was held on the motion in limine on that same morning, the circuit court refused to allow the introduction of evidence into the record related to appellee's traffic citation and resulting negotiated plea. Subsequently, the jury found by a preponderance of the evidence that there was no negligence on the part of appellee, and no damages were awarded to appellant. A judgment was entered by the trial court on November 16, 2007, dismissing the complaint against appellee with prejudice. Appellant filed a notice of appeal on December 13, 2007, and he filed an amended notice of appeal on December 20, 2007.

Appellant challenges the circuit court's grant of appellee's motion in limine excluding any evidence regarding her receipt of a traffic citation that resulted from the accident that was the subject matter of the negligence lawsuit. In discussing our standard of

review for evidentiary rulings, we have said that circuit courts have broad discretion and that a circuit court's ruling on the admissibility of evidence will not be reversed absent an abuse of that discretion. *Green v. Alpharma, Inc.*, 373 Ark. 378, 284 S.W.3d 29 (2008).

Appellant points out that, although a violation of a statute or ordinance is not considered negligence in itself, it can be offered as evidence of negligence to be considered by a jury. *See Bridgforth v. Vandiver*, 225 Ark. 702, 284 S.W.2d 623 (1955); AMI 903. He cites Arkansas Code Annotated section 27-51-104 regarding careless driving, which states that it shall be unlawful for any person to drive or operate any vehicle in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or otherwise, or in such a manner as to evidence a failure to maintain proper control on the public thoroughfare or private property in the State of Arkansas. Appellant asserts that evidence of appellee's violation of the statute can be shown by the plea arrangement and court docket report. He maintains that this evidence demonstrates that she did plead guilty to the violation.

Appellant acknowledges the limitation on evidence of traffic violations that can be shown to a jury, citing Arkansas Code Annotated section 27-50-804, which specifically provides that no record of the forfeiture of a bond or of the conviction of any person for any violation of this subtitle shall be admissible as evidence in any court in any civil action. He notes the historic interpretation that evidence of a traffic citation, a "mere charge," is inadmissible. *See Bearden v. J.R. Grobmeyer Lumber Co.*, 331 Ark. 378, 961 S.W.2d 760 (1998). He distinguishes, however, the situation where an individual enters a plea of guilty in open court, which has been considered admissible evidence. *See Dedman v. Porch*, 293 Ark. 571, 739 S.W.2d 685 (1987). Arkansas courts have held that such guilty pleas are admissible as declarations against interest. *Patterson v. Odell*, 322 Ark. 394, 909 S.W.2d 648 (1995).

Additionally, he cites *Ice v. Bramlett*, 311 Ark. 157, 842 S.W.2d 29 (1992), where the individual was issued a traffic citation and subsequently negotiated a plea arrangement. The supreme court examined the plea agreement and determined that it was not admissible because there was insufficient evidence showing that he actually received a traffic citation. Additionally, the supreme court held that the admission-of-guilt language in the plea agreement

was ambiguous, and that there was neither evidence of an appearance before the municipal judge nor a signature by the individual on the agreement.

In the instant case, appellant contends there is much more evidence indicating that appellee made a plea in open court than was present in either *Bramlett* or *Dedman*. He asserts that the evidence proves that appellee was issued a careless driving citation after the accident occurred, and that she subsequently negotiated a plea arrangement under which she would be placed on probation for a certain period and pay a fine and court costs — likely in return for the traffic citation being expunged from her driving record. Appellant states that the plea arrangement, the Springdale District Court docket sheets, and the Springdale Police Department Citation Tracking Report clearly show that appellee received a traffic violation related to the accident and that she pled guilty in open court. Specifically, he points to a notation that states, "Plea: GL."[1]

Appellant also asserts that the docket report shows a signature by the presiding judge, and claims that the signature is a clear indication that the plea was made in open court by the city attorney, on behalf of appellee. He urges that, just because appellee did not want to inconvenience herself by traveling to Springdale from her home in Fort Smith to sign the traffic citation plea, she should not be able to prevail on her claim that the plea was not made in open court. Appellant argues that there is no requirement in any of the cases cited that the appellee have had an actual physical appearance in the courtroom. In this situation, appellee contacted the city prosecutor's office and negotiated that agreement, including that he would enter the plea on her behalf. The district court judge heard the plea and approved the negotiated plea agreement. Appellant contends that because the guilty plea was made in open court, the related evidence should have been presented to the jury for consideration of whether or not appellee was negligent in the accident.

Appellee counters appellant's argument by reiterating the well-established rule that *only* when a defendant enters a plea of guilty in open court is it proper to admit evidence relating to either

---

[1] We note that no clarification of this notation was presented to this court beyond appellant's cursory statement in his brief. Although appellant's counsel argued at the hearing on the motion in limine that he had witnesses that would testify that the "GL" stood for guilty, no such evidence was introduced and no finding with respect to the notation was made by the circuit court.

a traffic-citation conviction or even the mere issuance of that citation in a subsequent civil case. She points out that appellant stipulated to the fact, and the trial judge specifically found, that she did not appear in open court.

Appellee references *Dedman, supra,* where the individual was issued a traffic citation for failure to yield the right-of way, and later paid the citation rather than appear in court. On appeal from the circuit court's refusal to allow the introduction of evidence regarding the payment of the citation, our supreme court cited Arkansas Code Annotated section 27-50-804, stating that they were "unable to find a case which holds that paying a traffic ticket entitles the opposing side to introduce evidence of such as an admission against interest." *Dedman,* 293 Ark. at 574, 739 S.W.2d at 687.

That holding is consistent with the facts of the current case. Appellee did not appear in court, and accordingly, did not enter a plea in open court. Instead, she contacted the prosecutor's office and negotiated a settlement agreement prior to the scheduled arraignment date. The settlement agreement was presented to the district court on May 20, 2004, and the district court accepted the settlement agreement, under which she forfeited bond or paid a fine, and took the matter under advisement.

With respect to appellant's reliance on *Bramlett, supra,* appellee reminds us that the circuit court disallowed the testimony of a probation officer in that case, which would have indicated a belief that a defendant who walks up to the cashier's window at the court and pays a ticket is committing an admission of guilt. The circuit court concluded that the proffered testimony differed from telling the jury that a defendant knowingly pled guilty in court, and our supreme court affirmed that ruling. In fact, the supreme court stated that there was "a lack of evidence indicating that [Bramlett] ever appeared before the municipal judge, or that he appeared in any hearing or formal activity in which the municipal court conducts business." *Bramlett,* 311 Ark. at 162, 842 S.W.2d at 32. This scenario is analogous to the case presently before us.

Finally, appellee rejects appellant's argument that the plea of guilty was entered in open court, on her behalf, by the city attorney. We agree. The city attorney did not represent appellee in this matter, but rather simply presented the negotiated settlement to the district court, as is customary practice; and the district judge approved the agreement without appellee being present. This is

consistent with *Dedman* and *Bramlett*, and we hold that the circuit court did not abuse its discretion in refusing to allow evidence of the citation and subsequent settlement agreement to be introduced into evidence in the civil action between the parties.

■ The motion in limine also referenced Arkansas Rule of Evidence 410 as support for precluding the plea of guilty from being admissible in the civil action; however, appellant claims that the motion did not state the rule in its complete context, which reads as follows:

> Evidence of a plea of nolo contendere, whether or not later withdrawn, *and a plea, later withdrawn, of guilty or admission to the charge*, or of an offer to plead to the crime charged or any other crime, or of statements made in connection with any of the foregoing pleas or offers, is not admissible in any civil or criminal action, case, or proceeding against the person who made the plea or offer.

(Emphasis added.) Appellant asserts that Rule 410 does no more than disallow withdrawn pleas. *See Patterson, supra.* He maintains that in the current case, there was no withdrawal of a guilty plea or even an attempted withdrawal. Accordingly, he claims that Rule 410 has no application in this case and cannot constitute support for the prevention of the admission of evidence showing that appellee was issued a citation and subsequently pled guilty in open court. While this issue was raised in the parties' pleadings, it was neither developed nor ruled upon during the hearing related to the motion in limine. Accordingly, we decline to address it.

Affirmed.

ROBBINS, J., agrees.

BIRD, J., concurs.

SAM BIRD, Judge, concuring. I agree to affirm this case because the record does not reflect that appellee actually entered a guilty plea. The only evidence to support the entry of a guilty plea is the district court docket sheet with a "Plea: GL" notation on it; a "settlement sheet" indicating an arraignment/trial date of June 21, 2004, on the offense of "Careless/Prohibited"; and a citation tracking report from the police department noting "GL/SIS 6 months" and a disposition date of May 20, 2004. None of these

documents contains the signature of appellee, and none states that appellee entered a guilty plea on the charge. However, I concur because I do not agree that, in order for a guilty plea to be admissible as a declaration against interest, it must be made in "open court."

The language "open court" first appeared in this context in 1987 in *Dedman v. Porch*, 293 Ark. 571, 739 S.W.2d 685 (1987). In *Dedman*, appellant contended that the trial court erred in refusing to allow into evidence as an admission against interest appellee's payment of a traffic ticket. In support of his position, Dedman cited *Miller v. Blanton*, 213 Ark. 246, 210 S.W.2d 293 (1948); *Harbor v. Campbell*, 235 Ark. 492, 360 S.W.2d 758 (1962); and *Midwest Bus Lines, Inc. v. Williams*, 243 Ark. 854, 422 S.W.2d 869 (1968). 293 Ark. at 574, 739 S.W.2d at 687. The supreme court rejected Dedman's argument, affirmed the trial court's ruling, and stated: "We reaffirm our position that the only proper evidence relating to a traffic violation conviction is a party's plea of guilty in *open court*." 293 Ark. at 575, 739 S.W.2d at 687 (emphasis added). The court reasoned that it was unable to find a case holding that the payment of a traffic ticket entitled the opposing side to introduce evidence of the payment as an admission against interest. 293 Ark. at 574, 739 S.W.2d at 687. Although the supreme court stated in *Dedman* that *Harbor* and *Miller* "stand for the proposition that a plea of guilty in *open court* is admissible as a declaration against interest," neither *Harbor* nor *Miller* ever mentioned the words "open court." *Id.* (emphasis added).

In *Harbor*, appellee paid a fine for failure to yield the right-of-way. 235 Ark. at 492, 360 S.W.2d at 758. The trial court refused either to allow appellant to introduce into evidence a certified copy of the record of the municipal court reflecting appellee's payment of the fine or to allow appellant to interrogate him at trial to show that he had entered a plea of guilty in municipal court to the charge. 235 Ark. at 492-93, 360 S.W.2d at 758. The supreme court held that the trial court was correct regarding its first ruling, holding that no record of the conviction of any person for a traffic violation was admissible, but the court reversed the trial court's second ruling, holding that appellee's plea of guilty in municipal court should have been allowed as a declaration against interest. 235 Ark. at 493, 360 S.W.2d at 758. The court relied upon its earlier ruling in *Miller* that testimony of a plea of guilty is admissible to show a deliberate declaration against interest, but the court did not indicate that the guilty plea was made in "open court." *Id.* Indeed, it appears just as likely from the

court's brief factual recitation that appellee did not enter the plea in open court but merely paid a fine. In any event, making the plea in "open court" was not part of the court's holding.

In *Miller*, deciding an issue of whether punitive damages were warranted in a car-accident case, the supreme court noted that appellant testified at trial that a charge of reckless driving had been filed against him as a result of the collision and that he had pleaded guilty to the charge. The court stated: "This testimony as to appellant's plea of guilty was competent as showing a deliberate declaration against interest by said appellant." 213 Ark. at 251, 210 S.W.2d at 295. There was no mention of the plea being made in "open court" in *Miller*.

The only mention — other than in *Dedman* — by the supreme court of a guilty plea to a traffic violation being made in "open court" are cases citing *Dedman*. In *Ice v. Bramlett*, 311 Ark. 157, 842 S.W.2d 29 (1992), the court affirmed the trial court's exclusion of evidence relating to a traffic citation issued to appellee for his action in the accident in question. Appellant contended that appellee received a citation for running a red light, pleaded guilty to the citation, and was placed on probation. Appellant argued that the trial court erred in refusing to admit this evidence of a guilty plea as an admission against appellee's interest. The supreme court noted the absence of any evidence in the record indicating that appellee actually received a traffic citation; that it was his signature on the probation contract; or that appellee ever "appeared before the municipal judge, or that he appeared in any hearing or formal activity in which the municipal court conducts business." 311 Ark. at 162, 842 S.W.2d at 31-32. Accordingly, the court held that "due to the lack of evidence connecting appellee with the citation and probation, we hold consistently with *Dedman*, 293 Ark. 571, 739 S.W.2d 685, and [Ark. Code Ann.] section 27-50-804, that any evidence of his alleged probation in municipal court was not a guilty plea made in open court nor an admission against interest and was therefore properly excluded by the trial court." *Id. See also Patterson v. Odell*, 322 Ark. 394, 909 S.W.2d 648 (1995) (concerning a plea of *nolo contendere* and merely citing *Dedman*'s statement that "a plea of guilty in open court is admissible as a declaration against interest" but not applying it in that case).

*Dedman* concerned the payment of a traffic ticket, not a guilty plea, and stands for nothing more than the proposition that evidence of the mere payment of a traffic ticket is not admissible as

a declaration against interest in a civil action allegedly arising out of the same traffic offense. However, in dicta, the court in *Dedman* misstated the holdings of *Harbor* and *Miller* by suggesting that those cases required, as a prerequisite to the admissibility of evidence of a guilty plea to a traffic offense as an admission against interest, that the plea be entered in "open court." I cannot interpret *Dedman* to require that a guilty plea must literally be made in "open court" in order to be admissible into evidence as a declaration against interest.

In my view, a traffic offender who knowingly and intelligently admits his guilt to the offense and who acknowledges such guilt by his signature on a plea agreement that is filed in and accepted by a court of proper jurisdiction should be held to the same level of accountability for his admission as a traffic offender who appears before the court in person and orally enters a guilty plea. The effect of the plea should not be determined by the local rule of a district court as to whether guilty pleas may be entered in absentia.

Unfortunately for the appellant, in this case, no guilty plea agreement was signed and filed by appellee. It is only for this reason that I must agree with the majority to affirm this case.